HOFFMAN v BAY CITY SCHOOL DISTRICT

Docket No. 72916. Submitted May 10, 1984, at Lansing.—Decided
June 25, 1984. Leave to appeal applied for.

Plaintiff, Albert Hoffman, brought an action in the Bay Circuit
Court against defendants, the Bay City School District, the Bay
City Public Schools Board of Education, and Superintendent
Raymond W. Duch, seeking the disclosure of a certain investi-
gatory file under the Freedom of Information Act (FOIA). The
file was the result of an investigation undertaken by the
attorney for the school district, in his capacity as the school
district's attorney, at the request of the president of the board
of education and the superintendent. The investigation con-
cerned the policies, procedures and controls of the Business and
Finance Department of the Bay City Public Schools. At the
conclusion of the investigation, the attorney met with the board
in closed session to report the investigation's results. The
attorney did not share the actual documents in the investiga-
tory file with the school board members, but, rather, reported
the investigation's results in an oral opinion. The attorney
reported that no improprieties were discovered during the
investigation. The records of the investigation have at all times
remained in the attorney's possession. The trial court, Eugene
C. Penzien, J., ruled that the file was not a public record and
therefore not subject to disclosure under the FOIA. Plaintiff
appeals from the judgment and order to that effect. *Held:*

1. Unless a writing is prepared, owned, used, in the posses-
sion of or retained by a public body it is not a "public record"
and its disclosure would not be governed by the FOIA.

2. The fact that the attorney was paid by a governmental

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 66 Am Jur 2d, Records and Recording Laws § 12 *et seq.*
What are "records of agency which must be made available under
state freedom of information act. 27 ALR4th 680.
What constitutes an agency subject to application of state freedom
of information act. 27 ALR4th 742.

[3] 66 Am Jur 2d, Records and Recording Laws §§ 32 *et seq.,* 41.
What are "records" of agency which must be made available under
the Freedom of Information Act (5 USCS § 552(a)(3)). 50 ALR Fed
336.

body, the school board, and conducted his investigation at its request, does not transform his report into a record subject to disclosure under the FOIA.

3. The attorney created and retained the information. The attorney reported to the board his opinion of the results of his investigation, not the information he obtained during his investigation.

4. The Court of Appeals refused to hold that the defendants' use of the attorney's report in reaching their decision amounts to constructive possession of the attorney's investigatory file.

5. The information sought in this case was neither created nor obtained by a public body. As it was thus not a "public record" as defined in the FOIA, its disclosure was not governed by the FOIA.

Affirmed.

1. RECORDS — FREEDOM OF INFORMATION ACT.

The Michigan Freedom of Information Act provides that, upon an oral or written request which describes the public record sufficiently to enable the public body to find the public record, a person has the right to inspect, copy, or receive copies of a public record of a public body, except as otherwise expressly provided by the act (MCL 15.233[1]; MSA 4.1801[3][1]).

2. WORDS AND PHRASES — FREEDOM OF INFORMATION ACT — PUBLIC RECORD — PUBLIC BODY.

The Michigan Freedom of Information Act defines a "public record" as a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created; the definition of "public body" under the act includes a school district or a board, department, commission, council, or agency thereof (MCL 15.232, subds [b][iii], [c]; MSA 4.1801[2], subds [b][iii], [c]).

3. RECORDS — UNITED STATES CODE — FREEDOM OF INFORMATION ACT.

Federal courts which have interpreted the federal Freedom of Information Act have refused to require the production of records held by private organizations which conduct studies or investigations for federal agencies, reasoning that such organizations are not public agencies and that records not in the actual possession of public agencies are not public records; the mere fact that a federal agency has access to data produced by a private organization under a grant from the agency does not mean that production of the data is required under the act; data produced and owned by an independent organization does not become an agency record as a result of the agency's access

to the data even though the agency puts substantial reliance on the conclusions reached from that data (5 USC 552).

4. RECORDS — FREEDOM OF INFORMATION ACT.

An agency has no duty to create a record, therefore, the Freedom of Information Act concerns itself only with the records which a public body actually creates (MCL 15.231 *et seq.;* MSA 4.1801[1] *et seq.).*

*Foster, Swift, Collins & Coey, P.C.* (by *Timothy P. Greeley),* for plaintiff.

*Skinner & Gustafson* (by *Mark A. Kolka),* for defendants.

Before: V. J. BRENNAN, P.J., and R. B. BURNS and C. R. COLEMAN,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's judgment and order in which the court refused to order defendants to produce an investigatory file not in defendants' possession. The trial court ruled that the file was not a public record and therefore not subject to disclosure under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.* We affirm.

The investigatory file at issue in this case was the result of an investigation undertaken by Richard B. Gustafson, attorney for the School District of the Bay City Public Schools, at the request of the president of the board of education and Superintendent Duch. They directed him to conduct an investigation, in his capacity as the school district's attorney, into the policies, procedures and controls of the Business and Finance Department of the Bay City Public Schools. One month later, the investigation was concluded and the school district's attorney met with the board in closed

* Former circuit judge, sitting on the Court of Appeals by assignment.

session to report the investigation's results. The school district's attorney did not share the actual documents in the investigatory file with the school board members; he reported the investigation's results in an oral opinion. He told the school board members that no improprieties were discovered during the investigation. The records of the investigation have at all times remained in the possession of the school district's attorney.

Plaintiff argues that the trial court erred in failing to rule that none of the FOIA exemptions apply to prevent disclosure of these records. However, whether the act's exemptions apply is secondary to the initial inquiry as to whether the act applies at all. MCL 15.233(1); MSA 4.1801(3)(1) provides:

"Upon an oral or written request which describes the public record sufficiently to enable the public body to find the public record, a person has the right to inspect, copy, or receive copies of a public record of a public body, except as otherwise expressly provided by § 13."

A "public record" is defined in MCL 15.232(c); MSA 4.1801(2)(c) as

"a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created."

The definition of "public body" includes a "school district * * * or a board, department, commission, council, or agency thereof". MCL 15.232(b)(iii); MSA 4.1801(2)(b)(iii). Thus, unless a writing is prepared, owned, used, in the possession of or retained by a "public body" as defined in the Michigan FOIA, it is not a public record, and its disclosure would not be governed by that act.

Because there are no Michigan cases dealing with this issue, we look to the federal courts for guidance in deciphering the various sections and attendant judicial interpretations, since the federal FOIA, 5 USC 552, is so similar to the Michigan FOIA. *Evening News Ass'n v City of Troy,* 417 Mich 481, 495; 339 NW2d 421 (1983). Thus, a federal court decision on whether an item is an "agency record" under the federal FOIA is persuasive in evaluating whether a record is a "public record" under the Michigan FOIA.

Federal courts have consistently refused to require production of records held by private organizations which conduct studies or investigations for federal agencies, reasoning that such organizations are not public agencies and that records not in the actual possession of public agencies are not public records. In *Forsham v Harris,* 445 US 169; 100 S Ct 977; 63 L Ed 2d 293 (1980), the United States Supreme Court refused to order a group of private physicians to disclose data generated in their long-term study of diabetes treatments. Although the study was funded by grants from a federal agency, the Court ruled that the data produced in the study was not an "agency record" because the private grantee was not an "agency" under the act and because the data had not been created or obtained by the agency. The Court ruled that the FOIA "applies to records which have been *in fact* obtained, and not to records which merely *could have been* obtained". 445 US 186; 100 S Ct 987; 63 L Ed 2d 307 (emphasis in original).

The Court has also ruled that the mere fact that an agency has access to data produced by its grantee does not mean that production of the data is required under the act. *Forsham v Harris, supra; National Labor Relations Bd v Sears, Roebuck*

*& Co,* 421 US 132, 162; 95 S Ct 1504, 1522; 44 L Ed 2d 29, 54 (1975).

On facts similar to those in *Forsham v Harris,* the court in *Ciba-Geigy v Mathews,* 428 F Supp 523 (SD NY, 1977), also denied disclosure, distinguishing between having access to data and owning documents. The court ruled that data produced by an independent organization did not become an agency record even though the agency put substantial reliance on the conclusions reached from that data. See also *Kissinger v Reporters Committee for Freedom of the Press,* 445 US 136; 100 S Ct 960; 63 L Ed 2d 267 (1980); *Wolfe v Dep't of Health & Human Services,* 229 US App DC 149; 711 F2d 1077 (1983); *Illinois Institute for Continuing Legal Ed v United States Dep't of Labor,* 545 F Supp 1229 (ND Ill, 1982).

Plaintiff's reliance on *Soucie v David,* 145 US App DC 144; 448 F2d 1067 (1971), is misplaced. Besides presenting a slightly different issue from the case at bar (whether the report was a presidential document or that of an independent agency), the court ruled in that case that the report produced by a panel of experts was in the possession of what was determined to be a governmental agency. Thus, the report was an "agency record" subject to disclosure.

It is apparent from the reasoning of the federal cases that the fact that the attorney was paid by a governmental body, the school board, and conducted his investigation at its request, does not transform his report into a record subject to disclosure under the FOIA. Of more concern to the federal courts has been the fact of who created or obtained the information. In this case, it was the attorney who both created and retained the information. What the attorney reported to the board was not the information he obtained during his

investigation, but rather his opinion of the results of that investigation. No court has held, as plaintiff would have us hold, that defendants' use of the attorney's report in reaching their decision amounts to "constructive possession" of the attorney's investigatory file.

Nor are we persuaded to distinguish this case from the federal cases we have cited on the basis of plaintiff's argument that government agencies would be able to circumvent their duty to release information under the act simply by hiring an attorney to conduct internal investigations and then report orally on the findings. Agencies would be sacrificing a substantial portion of their investigatory and decision-making functions in doing so, merely to avoid a possible request for a copy of their investigation. We doubt that agencies would be willing to delegate their power so readily merely to avoid the effects of the FOIA. In the instant case, it is a matter of public record that the agency relied solely on the investigation of private counsel in reaching its decision. We think this is sufficient to satisfy the public policy of this state, as specified in the preamble to the FOIA, that all persons are entitled to full and complete information regarding the affairs of government and that the people shall be informed so that they may fully participate in the democratic process.

An agency has no duty to create a record. *NLRB v Sears, Roebuck & Co, supra.* Therefore, the FOIA concerns itself only with the records which a public body actually creates. The information sought in this case was neither created nor obtained by the public body. As it was thus not a "public record", as defined in the FOIA, its disclosure was not governed by the provisions of the FOIA.

Affirmed.