STATE of Wisconsin, EX REL. Donald
ZINNGRABE, Plaintiff-Appellant,

v.

The SCHOOL DISTRICT OF SEVASTOPOL,
Defendant-Respondent,

Carl SCHOLZ, Defendant.

Court of Appeals

*No. 87–2376. Orally argued September 15, 1988.—Decided
September 27, 1988.*

(Also reported in 431 N.W.2d 734.)

For plaintiff-appellant there were briefs and oral argument by *Colleen A. Coté* of *Kirkegaard & Coté,* Sturgeon Bay.

For defendant-respondent there was a brief by *Sara E. Ramaker* and *Jerome E. Smyth* and oral argument by *Jerome E. Smyth* of *Liebmann, Conway, Olejniczak & Jerry, S.C.,* Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Donald Zinngrabe appeals an order denying his request for a writ of mandamus, punitive damages, and other costs under the open records law,

secs. 19.35 and 19.37, Stats. Zinngrabe contends that the school board of the Sevastopol school district violated the open records law, entitling him to punitive damages. Because we conclude that the school board's alleged violations cannot be reached through an open records claim, we affirm the trial court's order.

Zinngrabe made a written request to Carl Scholz, the superintendent of the Sevastopol school district, for the minutes of a series of Sevastopol school board meetings. Scholz promptly complied with this request. Zinngrabe then specifically requested minutes of closed meetings held on January 16, February 20, April 17, and May 15, 1986. The request was renewed in writing with the additional request for minutes of a meeting dated August 11, 1986. It is undisputed that no meeting occurred on August 11.

Scholz claims that he advised Zinngrabe orally that no minutes of these closed sessions were recorded because no formal action was taken at any of these meetings. Scholz explained that the minutes of closed sessions were only taken when motions were made or when other action was taken by the board. Apparently the minutes and agenda of the open session disclose whether a closed meeting was held, the length of the meeting, and the subject matter for the closed meeting. However, he admits that he never informed Zinngrabe in writing that no records existed for these four meetings.

Zinngrabe first asserts that sec. 19.35(4) requires a written statement by the board explaining to him that his request is being denied because no minutes for the meetings in question were ever recorded. We disagree, and conclude that because no records existed

for these meetings, there is no violation under the provisions of sec. 19.37.

Section 19.35(4) provides:

**Time for compliance and procedures.** (a) Each authority, upon request for any record, shall, as soon as practicable and without delay, either fill the request or notify the requester of the authority's determination to deny the request in whole or in part and the reasons therefor.

(b) ... If an authority denies a written request in whole or in part, the requester shall receive from the authority a written statement of the reasons for denying the written request. Every written denial of a request by an authority shall inform the requester that if the request for the record was made in writing, then the determination is subject to review by mandamus under s. 19.37(1) or upon application to the attorney general or a district attorney.

Section 19.32(2) defines "record" as "any material on which written, drawn, printed, spoken, visual or electromagnetic information is recorded or preserved, regardless of physical form or characteristics, *which has been created or is being kept* by an authority." (Emphasis supplied.)

Zinngrabe's assertion assumes two facts, neither of which is accurate. First, it assumes that the failure to furnish nonexistent records constitutes a denial of the request. His position also assumes that he is entitled to punitive damages under sec. 19.37 because the board failed to advise him in writing that the requested records do not exist.

The provisions for mandamus or costs, fees, and damages outlined in sec. 19.37 are triggered only once

632

"an authority withholds a record or a part of a record or delays granting access to a record or part of a record after a written request for disclosure is made ...." Sec. 19.37, Stats. The open records law is designed to make existing records and documents available to the public unless withholding such documents is specifically authorized by statute. *See Hathaway v. Joint Sch. Dist. No. 1,* 116 Wis. 2d 388, 394, 342 N.W.2d 682, 685 (1984); sec. 19.31, Stats.

The board furnished all of the existing minutes for each of the meetings specified in Zinngrabe's request. When Zinngrabe indicated he was not satisfied with the materials furnished, Scholz compiled all of the official board proceedings, including a list of proceedings and reports comprising the official records of the school board, and turned them over to Zinngrabe.

■

Contrary to Zinngrabe's contention, his request for records was fully and completely met by the school board; the school board turned over all the records in its possession that Zinngrabe requested. Therefore, the school board fully and completely complied with sec. 19.35. An authority cannot deny or withhold access to that which does not exist.

■

In addition, it would be unreasonable to burden the authority with not only the duty to furnish the records requested but to inventory the records to determine which records, if any, do not exist. For these reasons we conclude that punitive damages are not authorized by statute for a failure to advise a requester in writing that certain records do not exist.

Zinngrabe appears to argue that punitive damages under sec. 19.37 should be available where the

public entity induces the requester to believe that particular records exist by failing to respond to a request. This would lead the requester to incur expenses in filing suit to compel disclosure, only to discover that the records never existed in the first place.

However, we need not address this issue because Zinngrabe knew that no records existed for these four closed sessions. Scholz told him orally that these records did not exist. Zinngrabe received all the existing records he requested, and these records indicated that closed sessions were held on the dates in question. Given these facts, this case does not present a situation where the requester was induced to believe records existed when in fact they did not.

Zinngrabe next argues that sec. 120.11(1)[1] and 120.17(3), Stats.,[2] required the board to maintain records of its closed meetings, and that the failure to do so allows him to enforce this alleged requirement under the open records law.

We disagree. Zinngrabe essentially argues that the board is attempting to defeat the provisions of the open records law by not keeping records that it is directed by statute to maintain. Zinngrabe's claim for

---

[1]Section 120.11(1) provides in part:

The school district clerk shall record the minutes of school board meetings and, in his or her absence, the school board may select another school board member to act as the clerk of the meeting.

[2]Section 120.17(3) provides as follows:

The school district clerk of a common or union high school district shall:

. . . .

(3) Enter in the record book provided by the school board the minutes of its meetings, orders, resolutions and other proceedings.

relief, however, assumes that the board's alleged failure to keep minutes can be attacked under the open records law. We disagree with this premise and, accordingly, need not address the issue of whether and to what extent minutes must be maintained by the school board clerk.

The open records law does not dictate which documents are to be created or direct the government to maintain specific records. The duty to maintain such records and the enforcement of such duty must be found elsewhere in the law. Zinngrabe misconceives the purpose and provisions of the open records law by attempting to use the open records law to reach the alleged violation of official duties.

Because we conclude that the open records law cannot be used to compel the creation of records, we affirm the trial court's dismissal of Zinngrabe's request for mandamus and punitive damages. Likewise, we need not address the assertions that Scholz acted arbitrarily or capriciously, either in determining that such records should not be maintained or in failing to promptly notify Zinngrabe that no records existed for the four meetings in question because these assertions are not relevant in resolving the claim under the open records law.

*By the Court.*—Order affirmed.