In the Matter of JOSEPH GUERRIER, Appellant, v JOSEPH HER-NANDEZ-CUEBAS, as Deputy Commissioner and Counsel of the New York State Department of Correctional Services, Respondent.

Third Department, February 14, 1991

**APPEARANCES OF COUNSEL**

*David C. Leven (Robert Selcov* and *Deborah Schneer* of counsel), for appellant.

*Robert Abrams, Attorney-General (Andrea Green* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J. P.

At issue on this appeal is whether the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) requires an agency to comply with an applicant's request for statistical information, when the data necessary to compile the statistical information is included in the data maintained by the agency in its computer, but the agency does not compile or maintain the particular statistical information requested by the applicant. We agree with Supreme Court that, in the circumstances of this case, respondent is not required to produce the information requested by petitioner.

In the particular request at issue, petitioner sought "statistical information [showing] [t]he number of inmates sentenced for the crime of murder in the Work Release Program". The record establishes that respondent does not compile or maintain in any form the specific statistical information requested by petitioner. Respondent does, however, maintain data in its computerized records from which the requested statistical information could be compiled. In particular, it appears that respondent maintains a listing of inmates participating in work release programs (or such a listing could be generated by the computer), and included in the data maintained for each inmate under respondent's supervision is information concerning the crime or crimes for which he or she has been placed with respondent. Respondent does not, however, have a computer program that would analyze the relevant data and compile statistical information showing the number of inmates involved in work release programs who were convicted of murder.

Except for those records required to be maintained by Public Officers Law § 87 (3) and § 88 (3), FOIL does not "require any entity to prepare any record not possessed or maintained by such entity" (Public Officers Law § 89 [3]). If the statistical information requested by petitioner had to be compiled from written documents or records, respondent clearly would not be required to do so *(see, Matter of Gannett Co. v County of Monroe,* 59 AD2d 309, 313, *affd on opn below* 45 NY2d 954; *see also, Matter of Gannett Co. v James,* 86 AD2d 744, 745, *lv denied* 56 NY2d 502; *Matter of Kryston v*

*Board of Educ.,* 77 AD2d 896, 897). Because FOIL does not differentiate between records that are maintained in written form and those maintained in the form of computerized tapes or discs *(see,* Public Officers Law § 86 [4]), the same result should occur here where the statistical information requested by petitioner has to be compiled from data stored in respondent's computer. Petitioner contends that it would be a very simple matter to tell the computer to count the number of inmates in temporary release programs who have been convicted of murder. The fact remains, however, that respondent does not compile or maintain this information, and FOIL does not require respondent to do so for the purpose of complying with petitioner's request *(see,* Public Officers Law § 89 [3]). As Supreme Court suggested, petitioner may be able to compile the statistics himself by requesting the relevant information that respondent does maintain.

MIKOLL, YESAWICH, JR., LEVINE and MERCURE, JJ., concur.

Judgment affirmed, without costs.