■ In the Matter of JEFF GABRIELS, Appellant, v SALVATORE R. CURIALE, as Superintendent of Insurance of the State of New York, Respondent. [628 NYS2d 882] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered April 28, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for certain documents under the Freedom of Information Law.

Petitioner made a request for records under the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) seeking a computer report detailing the form number, type of form, kind of insurance and disposition, i.e., whether approved, for all health and life insurance policy forms filed with the State Insurance Department by all insurance companies from

January 1, 1993 to March 3, 1993. The Department denied the request on the ground that it did not maintain the information in the form requested. The denial was upheld on administrative appeal.

Petitioner commenced this CPLR article 78 proceeding to annul the determination and compel compliance with his request. Supreme Court awarded judgment in favor of respondent and dismissed the petition. This appeal by petitioner followed.

Initially, we note that respondent does not argue that the information sought falls within any of the exemptions set forth in Public Officers Law § 87 (2). Instead, respondent argues that the Department is not required to comply with petitioner's request because it does not maintain the information sought in the record form requested by petitioner (*see*, Public Officers Law § 89 [3]; *Matter of Guerrier v Hernandez-Cuebas*, 165 AD2d 218, 219, *lv denied* 78 NY2d 853).

The Department enters policy forms into its computer database which can be accessed online for updating. Respondent concedes, therefore, that the relevant tracking and approval information sought by petitioner exists within the Department's database. However, because the Department has no need to maintain records which only display the particular information petitioner seeks, it does not have an automated or "batch" program to routinely compile and print out these records in a single report as it does with some of its other unattended recordkeeping. To accommodate petitioner's request, it is necessary for a computer operator to create new records through a "computer run", i.e., a search of the online database, accomplished by entering petitioner's search criteria. We, therefore, agree with respondent that FOIL does not require the Department to create these new records, nor develop a program to accomplish this task for the purpose of complying with petitioner's request (*see*, Public Officers Law § 89 [3]; *Matter of Guerrier v Hernandez-Cuebas*, *supra*, at 220; *cf.*, *Matter of Wattenmaker v New York State Empls. Retirement Sys.*, 95 AD2d 910, *lv denied* 60 NY2d 555).

We find no merit in petitioner's remaining contentions.

White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.