REQUESTED BY: Senator Stan Schellpeper Nebraska State Legislature
You have requested our opinion on two questions regarding the constitutionality of LB 915. LB 915 proposes to amend the Nebraska County and City Lottery Act [the "Act"] by expanding the definition of "lottery." Presently, a "lottery" under the Act is defined to mean "a gambling scheme in which: (a) The players pay or agree to pay something of value for an opportunity to win; (b) Winning opportunities are represented by tickets; . . .," and winners are determined either "[b]y a random drawing of tickets differentiated by sequential enumeration from a receptacle by hand whereby each ticket has an equal chance of being chosen," or "[b]y use of a game known as keno. . . ." Neb. Rev. Stat. § 9-607(1) (Cum. Supp. 1994). LB 915 would amend this definition of lottery to provide a third method of determining winners, broadly stated as being "[b]y some other method based on an element of chance; . . . ." LB 915, § 1. The bill also proposes to eliminate the prohibition in §9-607(2)(a) against lotteries including "any gambling scheme which uses any mechanical gaming device, computer gaming device, electronic gaming device, or video gaming device . . .," and to remove such devices from the definition of "gambling device" under Neb. Rev. Stat. § 28-1101(5) (Supp. 1995).
Your first question is"[d]oes Article III, Section 24 permit the Legislature to authorize the use of mechanical, computer or video gaming devices as permissible methods of conducting a lottery simply by striking language which prohibits the use of these methods based upon the reasoning of [VideoConsultants of Nebraska, Inc. v. Douglas, 219 Neb. 868,367 N.W.2d 697 (1985)]?"
Recently, in Op. Att'y Gen. No. 95085 (November 17, 1995), we concluded that the Legislature may not enact legislation to permit the use of "slot machines" or other "electronic gaming devices" under the constitutional grant permitting the Legislature to authorize "lotteries, raffles, and gift enterprises . . . the proceeds of which are used solely for charitable or community betterment purposes." We stated as follows:
 Under Article III, § 24, the Legislature is precluded from authorizing "any game of chance or any lottery or any gift enterprise" except as provided in the Constitution. In our opinion, "slot machines" or other forms of "electronic gaming devices" fall within the category of "games of chance" prohibited by the Constitution, and not "lotteries" which the Legislature may sanction under its authority to permit "lotteries, raffles, and gift enterprises" whose proceeds are used for charitable or community betterment purposes. Accordingly, "slot machines" or other "electronic gaming devices" may not be authorized by the Legislature absent an amendment to the Nebraska Constitution.
Op. Att'y Gen. No. 95085 at 2.
In our recent opinion, we discussed at length the Nebraska Supreme Court's decision in Video Consultants. Op. Att'y Gen. No. 95085 at 10-12. As we stated, this case "involved only issues of whether the video gaming activities at issue constituted a `lottery' or involved use of unlawful `gaming devices' as those terms were defined by the Legislature; no issue was raised as to whether the video gaming activity was a permissible form of `lottery' under the Constitution."Id. at 15-16. Thus, we stated that "the crucial issue" [one which was not addressed in VideoConsultants] was "whether `slot machines' or other electronic gaming devices are forms of `lotteries' which the Legislature may authorize for community betterment purposes under art. III, § 24, or whether `slot machines' or other `electronic devices' are `games of chance' which the Legislature is prohibited from authorizing under art. III, § 24."Id. at 16-17. We concluded, of course that "slot machines" or other "video or electronic gaming devices" (which we defined to include traditional "slot machines" or video devices based on a slot machine theme, and video or electronic devices based on games such as poker, blackjack, dice, or other forms of gambling) constitute "games of chance" prohibited by the Constitution, and not "lotteries" which may be authorized by the Legislature for charitable or community betterment purposes.
In response to your first question, we do not construe theVideo Consultants case to stand for the proposition that, consistent with art. III, § 24 of the Constitution, the Legislature may authorize the use of video or electronic devices to conduct gambling activities which constitute "games of chance," as opposed to "lotteries, raffles, or gift enterprises," merely by adopting legislation to authorize such devices. The issue is not, as you have phrased it, whether the Legislature may constitutionally authorize the use of video or electronic devices in the conduct of a "lottery;" rather, as we explained in our prior opinion, the issue is whether the gambling activity to be conducted by use of the video or electronic devices involves an impermissible game of chance, as opposed to a permissible lottery. In our view, slot machines, video or electronic devices based on a slot machine theme, or video, computer, or electronic gambling devices based on games such as poker, blackjack, or dice, constitute "games of chance" which the Legislature may not authorize under art. III, § 24. While the amendment to §9-607 under LB 915 proposes only to allow a "lottery" under the Act to include methods where winners are determined "by some other method based on an element of chance," and to remove the prohibition against the use of mechanical, computer, electronic, or video gaming devices, we believe it is clear that these changes could not, consistent with art. III, § 24, authorize the conduct of activities constituting "games of chance," or the use of video or electronic devices to conduct "games of chance." To the extent the proposed amendments to §§ 9-607 and 28-1101
are intended to authorize "games of chance," and the use of video or electronic devices to conduct what are, in fact, "games of chance," and not permissible lotteries, such would violate art. III, § 24.
Your second question is "whether the Nebraska Constitution permits the conduct of a lottery by the use of video or electronic gaming devices by the enactment of statutory language stating that a lottery may be conducted `by some other method based on an element of chance.'" Again, the issue is not whether the Constitution prohibits the use of video or electronic gaming devices in the conduct of a "lottery;" rather, as we have stated, the issue is whether the gambling activity constitutes a permissible "lottery," as opposed to a prohibited "game of chance." The Legislature's power to define terms is limited because the Legislature may not, under the guise of definition: (1) abrogate or contradict an express constitutional provision; or (2) establish a definition which is unreasonable or arbitrary.See Natural Gas Pipeline Co. v. State Bd. of Equal,237 Neb. 357, 377, 466 N.W.2d 461 (1991) (Grant J., concurring);State ex rel. Meyer v. Peters, 191 Neb. 330,215 N.W.2d 520 (1974); Moeller, McPherrin Judd v. Smith,127 Neb. 424, 255 N.W. 551 (1934). The Legislature may not employ its definitional power to defeat or circumvent the Constitution. MAPCO Ammonia Pipeline Co. v. State Bd. ofEqual., 238 Neb. 565, 431 N.W.2d 734 (1991). Thus, the Legislature may not constitutionally adopt a definition of "lottery" which purports to authorize "lotteries" for charitable or community betterment purposes which, in fact, constitute prohibited "games of chance." To the extent the amendment proposed by LB 915 is construed as an attempt to authorize "games of chance," and the use of video or electronic devices to conduct what are, in actuality, "games of chance," it would violate art. III, § 24.
Very truly yours,
 DON STENBERG Attorney General
 L. Jay Bartel Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
APPROVED BY:
Don Stenberg