OPINION OF THE COURT
Jerome C. Gorski, J.
These matters come before this court by way of petitioner Daryl Hillard’s order to show cause requesting that this court grant him access to certain requested documents pursuant to the Freedom of Information Law (Public Officers Law § 84 et seq. [FOIL]). Petitioner Hillard is serving a life sentence in the Attica Correctional Facility after a conviction for second degree murder. While serving his sentence, petitioner requested documents relating to his prosecution from respondent pursuant to Public Officers Law § 84 et seq. (FOIL). Petitioner’s request was denied by respondent, citing Civil Rights Law §§ 79 and 79-a. Petitioner’s administrative appeal within the respondent’s office was likewise denied on the grounds that petitioner, a convicted, incarcerated individual, had lost his civil rights, and no longer had the right to make a request pursuant to FOIL. Respondent did not make any claim that the FOIL request of petitioner fell within any of the enumerated exceptions to access under FOIL. The petitioner then commenced this CPLR article 78 proceeding, claiming that he is entitled to the requested records pursuant to FOIL, and denying that he has, by virtue of his conviction and incarceration, lost his right to make such requests. Counsel for the petitioner was assigned through the Aid to Indigent Prisoners Society of Erie County.
Similarly situated is petitioner Derrick Luchey, who is serving a sentence of 20 years to life at Sing Sing for a series of crimes related to drug trafficking. The issues relating to his FOIL request are identical in that the only defense to the request for documents made by respondent is the above-mentioned sections of the Civil Rights Law.
The purpose of FOIL, as declared by the Legislature in article 6 of the Public Officers Law, is to shed light on government decision making, which in turn, both permits the electorate to make informed choices regarding governmental activities and facilitates exposure of waste, negligence, and abuse. (See, Public Officers Law § 84.) To further this objective, the Legislature, in 1977, restructured FOIL, imposing a broad standard of open *284 disclosure in order to achieve maximum public access to government documents. (Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp., 87 NY2d 410 [1995].) Moreover, access to the records does not depend on the purpose for which the records are sought, and all government records are presumably open for inspection and photocopying unless they fall within one of the enumerated exemptions of FOIL. (No such exemption is claimed herein.) Nowhere in FOIL is there a provision allowing an agency to deny access to public records to individuals or groups because of "who they are” or "the reasons the requests are made”. As a result, inmates have regularly requested access to the files of the police and District Attorney for the purpose of using the information to attack their convictions on appeal. This court has been informed by respondent that this relief has not been requested by them previously before any court, and there has never been a denial of a FOIL request, to their knowledge, based upon the sole ground that the person making the request has been convicted of a crime and incarcerated. The respondent apparently makes this application because respondent is frustrated by the demands placed upon his office by FOIL requests from inmates.
The thrust of respondent’s argument is that FOIL created a civil right (the right to obtain and review documents and statistics leading to government decisions), but the right of a "person sentenced” to obtain such documents is suspended or extinguished while the inmate is serving his sentence. This position, respondent claims, emanates from an interpretation of Civil Rights Law § 79 (1) and § 79-a (1), which state that a sentence of imprisonment to a State correctional facility for any term less than life imprisonment, or for a term having a term of one day and a maximum of natural life, "suspends, during the term of the sentence, all the civil rights, and all private trusts, authority, or powers of, or held by, the person sentenced” (Civil Rights Law § 79 [1]) and further that a person sentenced to prison for life is considered "civilly dead” (Civil Rights Law § 79-a [1]). Thus, respondent opines, FOIL creates a civil right which was meant to be suspended while a person is incarcerated, and neither the Constitution, the Civil Rights Law, nor any other statute specifically creates an inalienable right to such documents.
The petitioners’ position is that Civil Rights Law § 79 (1) and § 79-a (1) must be read in tandem with the subdivisions thereafter, which create an exception to the above-stated declaration of suspended civil rights in that section 79 (2) and section *285 79-a (2) state that such incarceration shall not "be deemed to suspend the right or capacity of any person so sentenced to commence and prosecute an action or proceeding in any court within this state or before a body or officer exercising judicial, quasi-judicial or administrative functions within this state”. Petitioners contend that a FOIL request is precisely the type of proceeding anticipated by the above subdivision in that a FOIL request is a proceeding before an officer exercising an administrative function. Conversely, it is respondent’s position that a FOIL request does not fall squarely into the exception.
Therefore, the issue before this court is whether a FOIL request is a proceeding before an officer exercising an administrative function, thus a right not suspended by incarceration; or whether a FOIL request is something other than a proceeding before an administrative body, making FOIL a suspended right during periods of incarceration; or whether FOIL can be limited by a statute that does not specifically address itself to FOIL.
The Court of Appeals has recently advanced the proposition that inmates have rights under FOIL, and in fact, those rights are more expansive than the rights conferred to them by the Criminal Procedure Law. (Matter of Gould v New York City Police Dept., 89 NY2d 267 [1996].) In making their decision, the Court held that if the Legislature intended FOIL be restricted by the parameters of the CPL, the law would reflect same. Neither the CPL nor FOIL addressed the interplay with each other.
In a similar vein, the Court of Appeals has held that the identity of the requestor or the reasons for the documents are not a bar to access thereto. In Matter of Farbman & Sons v New York City Health & Hosps. Corp. (62 NY2d 75, 82 [1984]), the Court stated: " 'the standing of one who seeks access to records under the Freedom of Information Law is as a member of the public, and neither enhanced * * * nor restricted * * * because he is also a litigant or a potential litigant.’ ”
In that matter, the Court addressed the interplay between CPLR article 31 and FOIL, and concluded that in the absence of clear legislative intent to the contrary, CPLR article 31 does not limit the scope of FOIL. (Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra, at 81.) In fact, the Court used Tax Law § 171-a as an example of a statute that, by its own specific terms, exempted FOIL. The Court stated "[w]hile an express statement, such as found in subdivision (7) of section 171-a of the Tax Law, is not necessary to establish *286 an exemption from FOIL under a State statute, what is required is clear legislative intent to establish and preserve confidentiality” (Matter of Farbman & Sons v New York City Health & Hosps. Corp., at 81).
In the case at bar, neither the Civil Rights Law nor FOIL address the interplay with the other. Similarly, neither statute establishes a clear legislative intent to preserve confidentiality. Therefore, any part of the Civil Rights Law which tends to limit an inmate’s civil rights cannot affect their broad rights under FOIL as a member of the public to request and receive government documents in the absence of legislative intent to the contrary. Although this court makes no judgment about the merits of the petitioners’ respective convictions, it would be a strange result if an innocent person were denied civil rights under respondent’s theory and therefore denied access to potentially exculpatory material, a tool necessary to regain civil rights.
With regard to the issue of whether a FOIL request is a "commencement of a proceeding before an officer exercising administrative functions within the state”, that must be answered in the affirmative. There is no doubt that the District Attorney has set up a proceeding within its body to respond to FOIL requests. As in the case here, the requests by the inmates were rejected, and administratively appealed to John DeFranks, First Deputy District Attorney, who handles administrative appeals pertaining to FOIL requests. After he reviewed the requests and the initial rejection of the requests from below, he rendered a decision in those disputes. Thereafter, the denial can, and, in the matters at bar, did form the basis of an article 78 proceeding in State Supreme Court. Without those initial steps, no matters would reach the scrutiny of the courts. The initial request of an inmate, or any individual requesting government records, sets into motion a proceeding within the administrative body. Although there is little formality required in making the request (the documents need to be reasonably identified), and there is no filing fee for same, the request itself sets into motion a proceeding nonetheless.
Therefore, this court finds that a FOIL request, which sets in motion a process with an administrative body, falls squarely within the exception to the Civil Rights Law. Civil Rights Law §§ 79 and 79-a, therefore, do not preclude an inmate from obtaining records pursuant to FOIL. Respondents have the right to have any valid exceptions to FOIL access reviewed by *287 a court, in camera, especially if the materials are sensitive in nature.
The petitions are hereby granted in all respects.