In the Matter of DARYL HILLARD, Respondent, v FRANK J. CLARK, III, as Erie County District Attorney, Appellant. (Proceeding No. 1.) In the Matter of DERRICK M. LUCHEY, Respondent, v FRANK J. CLARK, III, as Erie County District Attorney, Appellant. (Proceeding No. 2.) [677 NYS2d 857] —Judgment unanimously affirmed without costs. Memorandum: Petitioners commenced these CPLR article 78 proceedings pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6) to compel respondent, the Erie County District Attorney, to disclose documents relating to their prosecution. In his answers, respondent denied the FOIL requests on the ground that the rights of petitioners to obtain records pursuant to FOIL were suspended while they were in prison, relying on Civil Rights Law §§ 79 and 79-a. Supreme Court properly granted the petitions.

Contrary to respondent's contention, the Civil Rights Law

does not preclude petitioners from making FOIL requests for government records. Furthermore, since the inception of FOIL, prisoners have made FOIL requests and litigated the denial of those requests (*see, e.g., Matter of Gould v New York City Police Dept.,* 89 NY2d 267; *Matter of Konigsberg v Coughlin,* 68 NY2d 245; *Matter of Graziano v Coughlin,* 221 AD2d 684; *Matter of Guerrier v Hernandez-Cuebas,* 165 AD2d 218, *lv denied* 78 NY2d 853).

Civil Rights Law § 79 (2), as amended in 1973, specifies that a sentence of imprisonment "shall not be deemed to suspend the right or capacity of any person so sentenced to commence and prosecute an action or proceeding in any court within this state or before a body or officer exercising judicial, quasi-judicial or administrative functions within this state". Civil Rights Law § 79-a (2) was similarly amended in 1973. Those statutes formerly were construed to deprive prisoners of the right to bring civil lawsuits and therefore violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the US Constitution (*see, Matter of Bilello v Eckert Co.,* 42 AD2d 243, 245-246). Because FOIL explicitly provides that requests made pursuant to FOIL are enforceable in administrative appeals and court proceedings (*see,* Public Officers Law § 89 [4] [a], [b]), the Civil Rights Law does not bar inmates from making and seeking to enforce FOIL requests (*see,* Civil Rights Law § 79 [2]; § 79-a [2]). (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—CPLR art 78.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ. [*See,* 174 Misc 2d 282.]