S00A0772. SCHULTEN, WARD & TURNER, LLP v. FULTON-DeKALB HOSPITAL AUTHORITY et al.

(535 SE2d 243)

CARLEY, Justice.

Pursuant to the Open Records Act (Act), OCGA § 50-18-70 et seq., Schulten, Ward & Turner, LLP (Schulten) sent a written request to Fulton-DeKalb Hospital Authority (Authority) for the following:

> All records from 1995 to the present concerning collection claims for medical goods or services asserted against a Medicare beneficiary, or a liability insurer, subsequent to the billing of Medicare by the . . . Authority . . ., which resulted in payments to the [Authority] in excess of the Medicare allowed amount by Medicare beneficiaries individually, or liability insurers, other than payments for deductibles, co-insurance amounts and non-covered charges.

In its initial response, the Authority stated that, although it was in the process of searching and retrieving documents, it was not required to prepare reports, summaries, or compilations not in existence at the time of the request. Thereafter, the Vice President for Legal Affairs and General Counsel for the Authority, Timothy Jefferson, informed Schulten that the Authority could not honor the request, having "determined that any documents which may be responsive to [the] request are exempt from public disclosure pursuant to" the medical records exemption found in OCGA § 50-18-72 (a) (2). Schulten filed a petition for writ of mandamus to compel the Authority and Jefferson (Appellees) to permit it to inspect and copy the records which it sought. Appellees moved for summary judgment on the ground, among others, that the requested records were not subject to the Act because compliance with the request would require the Authority to audit its Medicare accounts and compile information, in violation of OCGA § 50-18-70 (d). The trial court denied mandamus relief, stating that Schulten "does not demonstrate that the requested documents are clearly public records and does not establish a clear legal right to the relief sought in the petition. OCGA §§ 9-6-20 and 50-18-70." Schulten appeals from this order.

The trial court has jurisdiction to entertain actions against "persons or agencies having custody of records open to the public under"

the Act. OCGA § 50-18-73 (a). Public officers or agencies cannot have custody of that which does not exist. See *Zinngrabe v. School Dist. of Sevastopol*, 431 NW2d 734, 736 (Wis. App. 1988). The Act is "designed to make existing records and documents available to the public. . . ." *Zinngrabe v. School Dist. of Sevastopol*, supra at 736. Like similar acts in other jurisdictions, it places no duty on an officer or agency to create a record, but "concerns itself only with the records which a public body actually creates." *Hoffman v. Bay City School Dist.*, 357 NW2d 686, 689 (Mich. App. 1984). As used in the Act, the term "public record" includes "all documents, papers, . . . computer based or generated information, or similar material *prepared and maintained or received in the course of the operation* of a public office or agency." (Emphasis supplied.) OCGA § 50-18-70 (a). Unless a writing or information stored on a computer is prepared and maintained or received in the course of an agency's operations, "it is not a public record, and its disclosure would not be governed by [the] [A]ct." *Hoffman v. Bay City School Dist.*, supra at 688.

Our Act is even more explicit than similar foreign statutes: "No public officer or agency shall be required to prepare reports, summaries, or compilations not in existence at the time of the request." OCGA § 50-18-70 (d). "[T]he legislature did not intend for a custodian of public records to comb through his files in search of documents sought by a public citizen." *Felker v. Lukemire*, 267 Ga. 296, 298 (2) (477 SE2d 23) (1996). A public officer or agency "has no duty to create a new document by searching for and compiling information from its existing records. [Cits.] In other words, a compilation of information must already exist in public records before access to it will be ordered. [Cits.]" *State ex rel. Kerner v. State Teachers Retirement Bd.*, 695 NE2d 256, 258 (Ohio 1998). See also *Brent v. Paquette*, 567 A2d 976, 983 (N.H. 1989). In this case, the Authority produced evidence that it has not compiled the information requested, that most of the information has been transferred to microfiche and compilation would constitute a laborious process of retrieving and examining closed accounts, and that the similar process of compiling more recent information which remains on the Authority's computer system would be nearly as laborious. Although Schulten denies that it is seeking a "compilation," it admits that it desires that a computer technician extract the requested information from files maintained in the Authority's database. However, the Act does not require a public agency or officer to create or compile new records by any method, including the development of a computer program or otherwise having a computer technician search the agency's or officer's database according to criteria conceived by the citizen making the request. *Gabriels v. Curiale*, 628 NYS2d 882, 883 (A.D. 3 Dept. 1995). See also *Jersawitz v. Hicks*, 264 Ga. 553 (448 SE2d 352) (1994); *State ex rel.*

*Kerner v. State Teachers Retirement Bd.*, supra at 258; Op. Att'y Gen. 89-32. The evidence shows that the Authority "does not have an automated or 'batch' program to routinely compile and print out these records in a single report. . . ." *Gabriels v. Curiale*, supra at 883. See also Op. Att'y Gen., supra. Accordingly, the Authority has not, in the course of its operations, prepared, maintained, received, or compiled the information requested by Schulten. Therefore, that information was not an existing "public record," and non-disclosure thereof did not violate the Act.

Schulten contends that this ground for non-disclosure was waived because Appellees failed to meet the statutory requirement that, within certain time constraints, the public officer or agency, "if access to such record or records is denied . . ., shall specify in writing the specific legal authority exempting such record or records from disclosure, by Code section, subsection, and paragraph." OCGA § 50-18-72 (h). As shown above, however, the failure to furnish non-existent records does not constitute a denial of a request for access to public records. *Zinngrabe v. School Dist. of Sevastopol*, supra at 735. An agency does not "deny" access to records which do not exist. A statutory requirement for a written statement of the reasons for denial of a request for access to public records does not require the public officer or agency to specify in writing that such records were never created. *Zinngrabe v. School Dist. of Sevastopol*, supra at 735. Likewise, we limit to its terms the requirement of OCGA § 50-18-72 (h) that the legal authority for an exemption of records from disclosure be timely specified in writing. See *State ex rel. Blum v. Bd. of Education*, 565 NW2d 140, 144 (d) (Wis. App. 1997) (additionally limiting the same provision construed in *Zinngrabe*). An exemption from disclosure is not applicable where the records cannot be disclosed because they do not exist. Thus, OCGA § 50-18-72 (h) is not applicable here, because there was no denial of access to records, no exemption of records, and no violation of the Act.

"The law is well settled that mandamus relief is available only if the petitioner has a clear legal right to the relief sought and that there is no other adequate legal remedy. [Cit.]" *Hall v. Madison*, 263 Ga. 73, 74 (428 SE2d 345) (1993). See also *Hatcher v. Hancock County Commrs.*, 239 Ga. 229 (3) (236 SE2d 577) (1977). Because Schulten does not have a clear legal right to the documents sought, the trial court correctly denied mandamus relief.

*Judgment affirmed. Benham, C. J., Fletcher, P. J., Hunstein, Thompson and Hines, JJ., and Chief Judge K. Dawson Jackson concur. Sears, J., disqualified.*

DECIDED SEPTEMBER 11, 2000.

*Schulten, Ward & Turner, David L. Turner, Lea B. Kirschner,* for appellant.

*Alston & Bird, Clifton M. Iler, Bernard Taylor,* for appellees.