OPINION OF THE COURT
Edward H. Lehner, J.
Petitioner commenced this CPLR article 78 proceeding pur *659 suant to the Freedom of Information Law (FOIL) to compel respondents, the New York City Department of Health (DOH) and its Commissioner, to provide records concerning childhood blood lead level screening. The central issue raised is whether requiring the DOH to program its computers to expunge confidential information from a list of individual blood level tests amounts to mandating that the agency create a new “record,” as that term is used in section 89 (3) of the Public Officers Law.
Facts
In 1992 the Legislature enacted title X of the Public Health Law, which requires the State Health Department (the Department) to “promulgate and enforce regulations for screening children * * * for lead poisoning, and for follow up of children * * * who have elevated blood lead levels” (§ 1370-a [2] [a]). The Department “is authorized to promulgate regulations establishing the means by which and the intervals at which children * * * shall be screened for elevated lead levels” (§ 1370-c [1]). Pursuant to such authority, the Department enacted regulations requiring the annual screening of all children under six years of age (10 NYCRR 67-1.2).
The DOH now possesses approximately two million electronic records comprising individual blood tests from 1995 to 1999. These records include: child’s name; birth date; sex; race/ ethnicity; address; telephone number; blood lead level test result; type of test; dates of test; parent/guardian name; provider name and address; and laboratory name and address.
By letter dated October 2, 1998, an official of petitioner made the following request of the Records Access Officer at the DOH:
“In accordance with the New York State and City Freedom of Information Laws, please provide me with copies of all data, studies, records and reports concerning the 1997 data for childhood blood-lead screening levels for New York State and, in particular, for New York City.”
The letter stated that petitioner was seeking this information because it wanted to provide testimony at a public hearing before the New York City Council. In response, DOH informed petitioner, by letter dated December 14, 1998, that its Lead Poisoning Prevention Program was developing a new computer system which is expected to be ready by January 1999, and “that blood lead screening data for 1997 may be available shortly thereafter.”
*660 When no data was provided, on October 14, 1999 petitioner’s attorney filed an appeal with DOH’s Records Access Appeals Officer, stating that petitioner deemed its request denied. On February 15, 2000, without receiving any determination from the Appeals Officer, petitioner stated that it considered the request to apply to “all documents up to the present date in the possession of the agency that relate to the screening of children for lead poisoning.”
On February 24, 2000, the Appeals Officer granted petitioner’s request for records concerning children residing within New York City. However, the request for information in electronic format was denied on the following grounds:
“[S]uch records cannot be prepared in an electronic format, with individual identifying information redacted, without the Department creating a unique computer program, which the Department is not required to prepare pursuant to Public Officers Law § 89(3).”
Instead, the agency agreed to print out the information at a cost of 25 cents per page, and redact the relevant confidential information by hand. Since the records consisted of approximately 50,000 pages, this would result in a charge to petitioner of $12,500.
Petitioner commenced this proceeding in June 2000, seeking the redacted information in paper and electronic format. Subsequently, it withdrew the request for paper-based records, and now seeks only the production of redacted electronic records.
On April 30, 2001, a hearing was held before me with respect to the technology involved in complying with petitioner’s request. Respondents presented the testimony of Mohammad Ghani, a DOH research scientist, and Robert Brackbill, the Federal Centers for Disease Control “assignee” to the DOH. Mr. Ghani explained that laboratories report the results of lead tests electronically to the Department, which forwards the electronic records to DOH and other county Health Departments. DOH collects this raw data and stores it in the Lead-Quest data base. Mr. Ghani conceded that several months would be required to prepare a printed paper record with hand redaction of confidential information, while it would take only a few hours to program the computer to compile the same data. He also confirmed that computer redaction is less prone to error than manual redaction. Both Mr. Ghani and Dr. Brackbill referred to the process of providing the information to *661 petitioner in electronic format as requiring some form of “computer programming.” Petitioner presented the testimony of Nick Egleson, a data base designer, who performed a demonstration showing that the entire process of providing the redacted data base in electronic format could be performed in a few hours.
Discussion
Under FOIL, respondents must make agency records available to the public for inspection and copying. FOIL defines the term “record” to include:
“[A]ny information kept, held, filed, produced, or reproduced by, with or for an agency or the state legislature, in any physical form whatsoever including, but not limited to, reports, statements, examinations, memoranda, opinions, folders, files, books, manuals, pamphlets, forms, papers, designs, drawings, maps, photos, letters, microfilms, computer tapes or discs, rules, regulations or codes.” (Public Officers Law § 86 [4] [emphasis supplied].)
A record cannot be withheld from public disclosure unless the agency can demonstrate that it falls squarely within one of the enumerated statutory exemptions in Public Officers Law § 87 (2). When a document subject to FOIL contains both confidential and nonconfidential information, agencies are required to prepare a redacted version with exempt material removed (Matter of Gould v New York City Police Dept., 89 NY2d 267, 277 [1996]).
However, an agency is not required to create records in order to comply with a FOIL request. Public Officers Law § 89 (3) provides:
“Nothing in this article shall be construed to require any entity to prepare any record not possessed or maintained by such entity.” (See, Matter of Reubens v Murray, 194 AD2d 492 [1st Dept 1993]; Matter of Di Rose v New York State Dept. of Correctional Servs., 216 AD2d 691 [3d Dept 1995].)
Over 20 years ago it was recognized that “[information is increasingly being stored in computers and access to such data should not be restricted merely because it is not in printed form” (Babigian v Evans, 104 Misc 2d 140, 144 [Sup Ct, NY County 1980], affd 97 AD2d 992 [1983]; see also, Matter of Szikszay v Buelow, 107 Misc 2d 886 [Sup Ct, Erie County 1981] [holding that information in computer format does not alter *662 the right of access]). In Matter of Brownstone Publs. v New York City Dept. of Bldgs. (166 AD2d 294 [1st Dept 1990]), it was held that a public agency must make available its computer files containing statistical information in computer format if requested. FOIL does not differentiate between records that are maintained in written form and those maintained in electronic form (Matter of Guerrier v Hernandez-Cuebas, 165 AD2d 218 [3d Dept 1991]). Therefore, the question presented is reduced to determining whether redacting confidential information from the computerized data should be deemed the preparation of a record not “possessed or maintained” by DOH.
The witnesses at the hearing established that DOH would only be performing queries within LeadQuest, utilizing existing programs and software. It is undisputed that providing the requested information in electronic format would save time, money, labor and other resources — maximizing the potential of the computer age.
It makes little sense to implement computer systems that are faster and have massive capacity for storage, yet limit access to and dissemination of the material by emphasizing the physical format of a record. FOIL declares that the public is entitled to maximum access to public records (Matter of Fink v Lefkowitz, 47 NY2d 567, 571 [1979]). Denying petitioner’s request based on such little inconvenience to the agency would violate this policy. (See also, Matter of Russo v Nassau County Community Coll., 81 NY2d 690 [1993].)
Respondents’ reliance on Matter of Gabriels v Curiale (216 AD2d 850 [3d Dept 1995]) and Guerrier v Hernandez-Cuebas (supra) is misplaced. In each case the court upheld the agency denial of a FOIL request because the records sought were not possessed or maintained by it. Here respondents acknowledge that they possess and maintain the LeadQuest data base and also concede that they are obligated to produce a redacted version of the data base.
The Committee on Open Government is charged with giving advisory opinions on the FOIL statute (Public Officers Law § 89 [1] [b] [ii]). While the opinions of the Committee are “neither binding upon the agency nor entitled to greater deference in an article 78 proceeding than is the construction of the agency” (Matter of John P. v Whalen, 54 NY2d 89, 96), they are informative. In a May 1996 opinion, the Committee noted, “FOIL is adaptable to changing technology and is based essentially upon common sense.” Thereafter, in a letter dated July 18, 1997, the executive director of the Committee, after *663 noting that no New York court had held “that an agency is required to engage in new programming if the effort involves less time or cost than engaging in manual deletions from paper records,” observed that “it may seem more sensible, depending on the circumstances, to engage in reprogramming than the laborious task of manually deleting items from paper records.” However, the executive director noted that the Committee had not as yet taken that position.
The DOH computers, as aforesaid, contain a great deal of information. To sustain respondents’ positions would mean that any time the computer is programmed to provide less than all the information stored therein, a new record would have been prepared. Here, all that is involved is that DOH is being asked to provide less than all of the available information. I find that in providing such limited information DOH is providing data from records “possessed or maintained” by it. There is no reason to differentiate between data redacted by a computer and data redacted manually insofar as whether or not the redacted information is a record “possessed or maintained” by the agency.
Moreover, rationality is lacking for a policy that denies a FOIL request for data in electronic form when to redact the confidential information would require only a few hours, whereas to perform the redaction manually would take weeks or months (depending on the number of employees engaged), and probably would not be as accurate as computer-generated redactions.
Courts in other jurisdictions have analyzed the issue presented herein. A Florida appellate court, in Seigle v Barry (422 So 2d 63 [Fla Dist Ct App 1982]), held that an agency not only must allow access to computerized records through the use of its existing programs, but also must create a new program to access public records in circumstances where “available programs do not access all of the public records stored in the computer’s data bank” (at 66-67). The Illinois Supreme Court reached a similar conclusion in Hamer v Lentz (132 Ill 2d 49, 547 NE2d 191 [1989]), where it held that, if necessary, the agency was required to create a computer program that would generate the requested information. The Kansas Supreme Court, in State ex rel. Stephan v Harder (230 Kan 573, 583, 641 P2d 366, 374 [1982]), found that when data sought was stored with confidential information, the “disclosure of the information sought, either by deleting confidential information from the existing record or by extracting the requested infor *664 mation therefrom, does not require the ‘creation’ of a new record.” (See also, Tennessean v Electric Power Bd., 979 SW2d 297 [Tenn 1998]; Menge v City of Manchester, 113 NH 533, 311 A2d 116 [1973].)
Conclusion
The petition is granted to the extent of directing respondents to produce, by October 31, 2001, the requested LeadQuest records, in electronic format with the confidential information redacted. Movant’s request for attorney’s fees is denied. The legal question raised in this proceeding is novel and accordingly respondents have demonstrated a reasonable basis for denying the FOIL request (Public Officers Law § 89 [4] [c]). Petitioner shall pay the actual cost of reproduction. If the parties cannot agree as to such cost, an application may be made to the court for a resolution.