■ In the Matter of LOCATOR SERVICES GROUP, LTD., Respondent, v SUFFOLK COUNTY COMPTROLLER et al., Appellants. [836 NYS2d 223]—

In a proceeding pursuant to CPLR article 78 to review a determination of Joseph Sawicki, Jr., dated January 6, 2005, which denied the petitioner's request under the Freedom of Information Law (Public Officers Law art 6), for "the original check number, check date, payee's name and address, and amount

concerning all general expense, vendor checks, contract payments, refunds for overpayments, and all other payments, that are greater payments than $1,000, that have not been negotiated, and were originally issued between September 1, 2000, and January 31, 2004," the appeal is from so much of a judgment of the Supreme Court, Suffolk County (Berler, J.), dated November 22, 2005, as granted the petition to the extent of directing the Suffolk County Comptroller Joseph Sawicki, Jr., and the County of Suffolk to "provide lists of all checks greater than $1,000 that have not been negotiated, and which were originally issued between September 1, 2000, and January 31, 2004 [and] copies of the computer screens showing the payee's names and addresses for those specific checks designated by petitioner's counsel and which were originally issued to non-individual payees."

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Except for those records required to be maintained by Public Officers Law § 87 (3) and § 88 (3), the Freedom of Information Law (hereinafter FOIL) does not "require any entity to prepare any record not possessed or maintained by such entity" (Public Officers Law § 89 [3]; *see Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 252 [1987]; *Matter of Hall v Bongiorno*, 305 AD2d 508, 510 [2003]; *Matter of Gabriels v Curiale*, 216 AD2d 850, 851 [1995]; *Matter of Reubens v Murray*, 194 AD2d 492 [1993]).

At bar, the information requested by the petitioner was collected by the appellants, the Suffolk County Comptroller Joseph Sawicki, Jr., and the County of Suffolk (hereinafter the County), and stored in computer format. In order to access the information sought, the County would only be performing queries within its database, utilizing an existing program known as the open check header inquiry. Under these circumstances, the County was not required to create new records, or develop a program to comply with the petitioner's FOIL request (*see* Public Officers Law § 89 [3]; *Matter of Brownstone Publs. v New York City Dept. of Bldgs.*, 166 AD2d 294 [1990]; *New York Pub. Interest Research Group v Cohen*, 188 Misc 2d 658 [2001]; *cf. Matter of Guerrier v Hernandez-Cuebas*, 165 AD2d 218 [1991]). Accordingly, the determination of the Supreme Court was proper. Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.