38555.   SCHAFFER v. OXFORD, Commissioner.

DECIDED NOVEMBER 18, 1960.

*Daniel Duke, Osgood O. Williams,* for plaintiff in error.

*Eugene Cook, Attorney-General, Ben F. Johnson, Deputy Assistant Attorney-General,* contra.

Bell, Judge. The controversy here is controlled by the answer to the problem as to whether or not the warehouse clearance charges, for the alleged illegal payment of which the plaintiff brought suit, constitute a "tax or license imposed by law" within the meaning of *Code* § 92-8436. The plaintiff's

petition is brought under this statute, which reads in part, "There is hereby appropriated from the proceeds of every tax and license imposed by law a sum sufficient to refund to taxpayers any and all such taxes which may be determined to have been erroneously or illegally assessed and collected from such taxpayers under the laws of Georgia . . . " It is the contention of the plaintiff that the moneys he paid under the executive order of the Revenue Commissioner constitute a tax or license, and that the warehouse clearance charges are a tax or license.

The executive order of the State Revenue Commissioner under which the plaintiff paid out his money, insofar as here relevant, provides: "Section 405. For storing in State warehouses, and for inspection fees, records, audits and charges for unloading and/or receiving in State warehouses and releasing distilled spirits, the licensed wholesaler . . . shall pay . . . a warehouse clearance charge at the rate of two dollars and twenty-five cents ($2.25) per gallon . . ." The statute under the authority of which this order was issued is the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors" (Ga. L. 1937-38, Ex. Sess., pp. 103-124, inclusive). Under this act the Revenue Commissioner has authority to furnish warehouses or storage spaces in counties where the sale of distilled spirits is legalized, as in his discretion he may deem expedient. The Revenue Commissioner is further authorized and empowered to lease suitable storage spaces for the conducting of the warehouse business, and is charged with the operation and supervision of these warehouses by State employees, who are also responsible for the collection of the rental accruing from the storage spaces. Under this act the Revenue Commissioner is given certain powers and duties, among which are "To adopt and promulgate, repeal and amend such rules, regulations, standards, requirements, and orders not inconsistent with this Chapter or any law of this State or of the United States as he may deem necessary to control the manufacture, sale, distribution, storage, or transportation of distilled spirits and alcohol, in accordance with the provisions of this Chapter, and the conditions under which same may be withdrawn from said warehouses and distributed." *Code Ann.* § 58-1022 (h).

The executive order under which these charges were made for the handling of the plaintiff's distilled spirits was stated to be "For storing in State warehouses, and for inspection fees, records, audits and charges for unloading and for receiving in State warehouses, and releasing distilled spirits . . . " As we view this order, it provides for a service charge to compensate for the utilizing of State-owned or State-leased warehouses and the services of State employees who operate the warehouses and perform the other duties imposed on them in the handling and control of distilled spirits. Under the clear authority of the law, these costs may properly be charged against those who use the State's property and the services of its employees in the furtherance of their business. Thus construed, it is not a tax or license within the meaning of *Code* § 92-8436. This section is to be construed strictly. See *Eibel v. Forrester*, 194 Ga. 439, 441 (22 S. E. 2d 96), where the court stated, "This is a suit against the State. Without its consent the State can not be sued at all. . . That in some cases the legislature intended to give consent is apparent; but this consent can not be enlarged by implication, as would have to be done in order to sustain the plaintiff's contention." The present case, in which the plaintiff brought an action against the State Revenue Commissioner in his official capacity, is an action against the State itself. *Cannon v. Montgomery*, 184 Ga. 558, 591 (192 S. E. 206); *Roberts v. Barwick*, 187 Ga. 691 (1 S. E. 2d 713); *Musgrove v. Georgia R. & Bkg. Co.*, 204 Ga. 139, 155 (49 S. E. 2d 26).

While it is difficult sometimes to determine whether a particular exaction of the government is a tax or not, we feel the present case does not present this difficulty. "A tax is an enforced contribution exacted pursuant to legislative authority for the purpose of raising revenue to be used for public or governmental purposes, *and not as payment for a special privilege or a service rendered.*" (Emphasis added). *Gunby v. Yates*, 214 Ga. 17, 19 (102 S. E. 2d 548). Here it seems clear that the sums which the plaintiff has paid, for which suit is brought, were payment for a special privilege or service rendered, and not a tax. The State may derive revenue from sources other than taxation. "The sources from which the State does or may

derive revenue, other than by taxation, are as follows: . . .
4. The use by individuals of any property of the State . . .
8. Fees which . . . State officers receive for official duties."
*Code* § 92-3501.

The trial court properly sustained the defendant's general demurrer to the plaintiff's petition, and the judgment is

*Affirmed. Felton, C. J., and Nichols, J., concur.*