A02A1465. GEORGIA EMISSION TESTING COMPANY
v. JACKSON.
(576 SE2d 642)

ANDREWS, Presiding Judge.

Georgia Emission Testing Company (GETCo) appeals from the trial court's grant of the motion to dismiss for failure to state a claim against Jackson, the Commissioner of the Georgia Department of Revenue. GETCo sued Jackson and Reheis, the Director of the Environmental Protection Division of the Department of Natural Resources, seeking, pursuant to OCGA § 48-2-35 (a), a refund of that portion of the Georgia Motor Vehicle Emission Inspection and Maintenance Act fee found invalid in *Bd. of Natural Resources v. Ga. Emission Testing Co.*, 249 Ga. App. 817, 825 (4) (a), (b) (548 SE2d 141) (2001).

As discussed in *Bd. of Natural Resources*, supra, the Georgia legislature found that ambient air levels of ozone or carbon monoxide in some counties exceeded the standards established by the federal Clean Air Act, 42 USC § 7401 et seq., and, in the Georgia Motor Vehicle Emission Inspection and Maintenance Act, OCGA § 12-9-40 et

seq. (the Inspection Act), authorized the Board of Natural Resources to establish a legally enforceable mechanism for bringing the State into compliance with the federal act, including the collection of an administrative fee for each inspection conducted pursuant to that act. As provided in OCGA §§ 12-9-46 (a) (11) and 12-9-43 (6), this fee was to be paid to the Director of the Environmental Protection Division of the Department of Natural Resources.[1]

Beginning in 1999, GETCo began regularly requesting refunds of portions of the fees from Jackson as well as Reheis. In response, Jackson stated that, "[b]eing unaware of any basis for the Commissioner of the Department of Revenue to entertain the request, I am herewith returning your correspondence in full."

OCGA § 48-2-35 provides, in pertinent part, that:

> (a) A taxpayer shall be refunded any and all taxes or fees which are determined to have been erroneously or illegally assessed and collected from such taxpayer under the laws of this state, whether paid voluntarily or involuntarily, and shall be refunded interest on the amount of the taxes or fees at the rate of 1 percent per month *from the date of payment of the tax or fee to the commissioner.* . . . Refunds shall be drawn from the treasury on warrants of the Governor issued upon itemized requisitions showing in each instance the person to whom the refund is to be made, the amount of the refund, and the reason for the refund.
>
> (b) (1) A claim for refund of a tax or fee erroneously or illegally assessed and collected may be made by the taxpayer at any time within three years *after the date of the payment of the tax or fee to the commissioner.* Each claim shall be filed in writing in the form and containing such information as the commissioner may reasonably require and shall include a summary statement of the grounds upon which the taxpayer relies. . . .
>
> (2) In the event the taxpayer desires a conference or hearing before the commissioner in connection with any claim for refund, he shall specify such desire in writing in the claim and, if the claim conforms with the requirements of this Code section, the commissioner shall grant a conference at a time he shall reasonably specify.
>
> (3) The commissioner or his delegate shall consider information contained in the taxpayer's claim for refund, together with such other information as may be available,

---

[1] GETCo's claim against Reheis remains pending below.

and shall approve or disapprove the taxpayer's claim and notify the taxpayer of his action. . . .

(Emphasis supplied.)

GETCo argues, based solely upon a portion of the wording of the first sentence of OCGA § 48-2-35 (a), that it is entitled to recover from the Revenue Commissioner those fees collected by the Director of the Environmental Protection Division of the Department of Natural Resources.

OCGA § 48-2-35 is a partial waiver of sovereign immunity by the State. The doctrine of sovereign immunity enjoys constitutional status in Georgia and cannot be abrogated by the courts. *State Bd. of Ed. v. Drury*, 263 Ga. 429, 430 (1) (437 SE2d 290) (1993). Since the decision to waive sovereign immunity is a voluntary act on the part of the State, the State may prescribe the terms and conditions on which it will consent to be sued. Id. The constitution provides: "The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). Such a waiver may not be enlarged by implication. *Schaffer v. Oxford*, 102 Ga. App. 710, 713 (117 SE2d 637) (1960).

Further, with regard to OCGA § 48-2-35, " '[i]n construing a statute, the cardinal rule is to glean the intent of the legislature . . . in the light of the legislative intent as found in the *statute as a whole*.' (Citations and punctuation omitted.) *Alford v. Public Svc. Comm.*, 262 Ga. 386, 387 (1) (a) (418 SE2d 13) (1992)." (Emphasis supplied.) *Bd. of Natural Resources*, supra at 822 (3). As conceded by GETCo, the refund statute provided, until its amendment in 1978, that, in order to seek a refund from the Commissioner, the tax or license had to have been paid to the Commissioner.[2]

In 1978, the legislature undertook to "exhaustively and completely codify, revise, clarify, classify, consolidate, modernize, and supersede certain revenue laws and laws related to the raising and expenditure of public revenues in this State." Ga. L. 1978, p. 309. The legislature stated its intent was to generally recodify the revenue laws of the State and, as part of that effort,

obsolete and duplicative provisions [would] be omitted from the Revenue Code, . . . and the usage of simple, under-

---

[2] Ga. L. 1937-38, Ex. Sess., pp. 77, 94, as amended particularly by Ga. L. 1945, pp. 272, 274, Ga. L. 1955, pp. 455, 458, and Ga. L. 1975, pp. 160-161, provided that "[i]n any case in which it shall be determined that an erroneous or illegal collection of tax or license has been made *by the Commissioner*," a refund could be sought. (Emphasis supplied.)

standable English [would] be introduced into the Revenue Code and revenue laws of this State. *It is not the intent of this Act to make any substantive change in the revenue laws of this State*, except as expressly provided for in this Act.

(Emphasis supplied.) Ga. L. 1978, pp. 310-311, § 1.

In addition, a portion of a statute cannot be considered in isolation and then interpreted in a way which ignores the overall statutory scheme, as GETCo attempts to do. *State v. Bowen*, 274 Ga. 1, 3 (547 SE2d 286) (2001) (statute must be considered in relation to other statutes of which it is a part). Title 91A, enacted by Ga. L. 1978, p. 309 et seq. (now OCGA Title 48), was titled "Public Revenue" and dealt with the imposition, calculation, and collection of various taxes and fees *by the Department of Revenue*.

In light of these maxims, it would be illogical to conclude, as argued by GETCo, that the deletion of the first "by the Commissioner" from what is now the first sentence of OCGA § 48-2-35 (a) was intended to allow a citizen to recover from the Revenue Commissioner any fee paid to any other department or agency of State government despite the other repeated references to the Commissioner in the rest of that sentence and the other statutory provisions.

This result is also supported by the historical basis for allowing such a refund. At common law, such an action was premised upon indebitatus assumpsit for money had and received, i.e., "where another has received money which the plaintiff, ex aequo et bono, is entitled to recover and which the defendant is not entitled in good conscience to retain. [Cits.]" *Oxford v. Shuman*, 106 Ga. App. 73, 79 (2) (b) (126 SE2d 522) (1962). See also *Hawes v. Bigbie*, 123 Ga. App. 122, 123 (2) (179 SE2d 660) (1970).

GETCo's argument that due process has been violated by the trial court's conclusion and this Court's affirmance of it based on *Reich v. Collins*, 513 U. S. 106 (115 SC 547, 130 LE2d 454) (1994), was not ruled upon by the trial court and is, therefore, not before this Court. *Focus Entertainment Intl. v. Bailey*, 256 Ga. App. 283, 284 (568 SE2d 183) (2002); *McKesson HBOC v. Adler*, 254 Ga. App. 500, 504 (1) (562 SE2d 809) (2002).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 17, 2003.

*McKenna, Long & Aldridge, James D. Dantzler, Jr., John P. Hutchins, Jill C. Kuhn, Larry D. Floyd, Jr.*, for appellant.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Warren R. Calvert, Senior Assistant Attorney Gen-*

*eral, Diane L. DeShazo, Michele M. Young, Assistant Attorneys General*, for appellee.