A04A0659, A04A0660. GEORGIA EMISSION TESTING COMPANY et al. v. REHEIS et al.; and vice versa.
(602 SE2d 153)

MILLER, Judge.

In Case No. A04A0659, the Georgia Emission Testing Company (GETCo) appeals from the trial court's May 7, 2003 order denying its motion for summary judgment and dismissing its action to recoup certain improperly assessed fees from the Georgia Department of

[4] *Grimsley v. State*, 233 Ga. App. 781, 784 (1) (505 SE2d 522) (1998).
[5] *Mitchell v. State*, 225 Ga. 656, 657 (4) (171 SE2d 140) (1969).

Natural Resources (the Department). GETCo further appeals from a separate May 7, 2003 order in which GETCo was required to pay $1,052 in discovery costs for the production of certain documents that it requested from MCI (a nonparty). In Case No. A04A0660, Carol Couch (the Director of the Environmental Protection Division [EPD] of the Department) appeals from a November 25, 2002 discovery order requiring the Department to split with GETCo the costs of certain specially tailored discovery requested by GETCo, and preventing the Department from pursuing certain discovery. Couch further appeals from a separate order denying the Department's request to strike certain portions of an affidavit of GETCo's principal. For the reasons that follow, we affirm in Case No. A04A0659 and reverse in Case No. A04A0660.

The record reveals that GETCo sued (on its own behalf and as attorney-in-fact for over 113 emission testing centers in the metro Atlanta area) the Commissioner of the Georgia Department of Revenue (the Commissioner), and the Director of the Environmental Protection Division of the Department (the Director),[1] both in their official capacities. GETCo brought the action under OCGA § 48-2-35 (the tax refund statute) to seek the refund of fees improperly assessed pursuant to the Motor Vehicle Emission Inspection and Maintenance Act.[2] OCGA § 12-9-40 et seq. The Commissioner moved to dismiss the complaint on the ground that the Georgia Department of Revenue did not collect or administer the fee at issue, and was therefore not a proper party. The superior court agreed, and GETCo appealed. This court affirmed the dismissal as to the Commissioner in *Ga. Emission Testing Co. v. Jackson*, 259 Ga. App. 250 (576 SE2d 642) (2003), and further held that GETCo could not use OCGA § 48-2-35 to seek reimbursement of the excess fees that it paid to the Department, as the legislature intended for OCGA § 48-2-35 to only apply to the illegal collection of tax or license made by the Commissioner. See id. at 252-253.

GETCo then moved for partial summary judgment on the issue of liability, arguing that due process required the State to provide a clear and certain remedy for the Department's unlawful collection of the excessive fees. The Director moved to dismiss on several grounds. In an order dated May 7, 2003, the trial court held that (1) the emission testing station owners did not lack standing as asserted by

---

[1] Carol Couch succeeded Harold Reheis as the Director of the Environmental Protection Division of the Georgia Department of Natural Resources during the pendency of this litigation. Both will be referred to as "the Director."

[2] See *Bd. of Natural Resources v. Ga. Emission Testing Co.*, 249 Ga. App. 817, 824-825 (4) (a), (b) (548 SE2d 141) (2001) (prior appeal involving the same parties in which we affirmed the trial court's finding that $1.46 of the $7.40 fee was improperly assessed).

the Director, and (2) assuming without deciding whether GETCo is subject to due process protections, its failure to pursue available pre-deprivation remedies (particularly declaratory judgment and injunctive relief) deprived it of the ability to now seek a refund. The court cited *James B. Beam Distilling Co. v. State of Ga.*, 263 Ga. 609 (437 SE2d 782) (1993), for the proposition that the availability of declaratory judgment along with the ability to obtain corresponding injunctive relief satisfies the mandates of due process prior to the payment of disputed taxes. The court denied GETCo's motion for partial summary judgment, and granted the Director's motion to dismiss.

In an order dated November 25, 2002, the trial court denied the Director's motion to stay the case for a ruling in Case No. A02A1465 (the case decided in *Jackson*, supra), and motion to compel GETCo to respond to certain discovery requests. In that same order, the court granted in part GETCo's motion to compel the Director to generate special documents containing information on emission testing certificates purchased between 1996 and 2001 by GETCo and the over 113 emission stations that GETCo purportedly represented, with the cost of generating the documents to be split equally between the parties.

In Case No. A04A0659, GETCo appeals from the trial court's May 7, 2003 orders (1) denying its motion for partial summary judgment and granting the Director's motion to dismiss, and (2) ordering GETCo to pay $1,052 in discovery costs for documents that it sought through a subpoena that it served on nonparty MCI. In Case No. A04A0660, the Director appeals from the trial court's November 25, 2002 order denying its motion to compel certain discovery, but ordering that the Director split with GETCo the costs associated with MCI's generation of special documents that were created at GETCo's request. The Director also appeals from another May 7, 2003 order denying in part and granting in part the Director's motion to strike an affidavit outlining the total amount of fees improperly assessed and the number of hours that GETCo expended in pursuit of refunds.

### Case No. A04A0659

1. In three enumerations, GETCo contends that the trial court erred in dismissing its claim against the Director for reimbursement of the improperly assessed fees that GETCo paid to the Department. GETCo argues that because the emission testers had no choice but to pay the illegal fee if they wanted to operate their businesses, due process precludes the State from limiting their remedies to pre-deprivation actions such as suing for an injunction or for declaratory relief. GETCo claims that in order to satisfy the requirements of due

process, the State was required to provide a clear and certain remedy for any unlawful tax collection, such as the collection of the illegally assessed fee that the emission companies were required to pay. We find GETCo's arguments to be misplaced and without merit.

As we previously held, the tax statute under which GETCo sued does not apply to the collected fees at issue here, because the fees were not collected by the Commissioner, and the legislature intended for OCGA § 48-2-35 to only apply to the illegal collection of tax or license made by the Commissioner. See *Ga. Emission Testing Co. v. Jackson*, supra, 259 Ga. App. at 252-253. Moreover, the administrative fee charged by the Department was not a tax, and therefore GETCo's attempted reliance on tax cases such as *James B. Beam Distilling Co.*, supra, to support its arguments is misplaced. See *Schaffer v. Oxford*, 102 Ga. App. 710, 713 (117 SE2d 637) (1960) ("A tax is an enforced contribution exacted pursuant to legislative authority for the purpose of raising revenue to be used for public or governmental purposes, *and not as payment for a special privilege or a service rendered.*") (citation and punctuation omitted; emphasis in original). Unlike a tax, the fees here were not enforced contributions, but were monies voluntarily paid by station owners who *elected* to participate in a special program to have their stations recognized as certified emission inspection stations. See OCGA § 12-9-49 (a). If the station owners did not want to pay the fee, they did not have to participate in the program. In addition, the fees were not collected for the purpose of raising revenue, did not go into the State treasury, and GETCo had no property interest in the fees (since the fees were paid out of a portion of the money that the stations charged to car owners who took their cars in for an emission test). See OCGA § 12-9-46 (a) (11).

Since GETCo cannot succeed on its claim that it should be reimbursed for its payment of the improperly assessed fees as if such fees were unlawfully collected taxes or fees taken by the Commissioner, and reimbursement claims based on any other legal theory such as a tort or unjust enrichment claim would be barred by sovereign immunity (see *Dollar v. Olmstead*, 232 Ga. App. 520, 522 (2) (502 SE2d 472) (1998)), the trial court properly dismissed GETCo's claims against the Director.

2. GETCo argues that the trial court erred in ordering GETCo to pay MCI[3] for the production of certain documents requested by GETCo. While GETCo concedes that it should pay for the cost of copying the documents as ordered by the trial court, GETCo maintains that the trial court erred in ordering that GETCo pay a portion

---

[3] MCI also filed a motion for sanctions and frivolous appeal against GETCo, which motion we hereby deny.

of the hourly time needed for MCI to produce the documents. We disagree.

"[D]iscovery matters are within the trial court's sound discretion and, absent a clear abuse of that discretion, this Court will not interfere with the trial court's decision." (Footnote omitted.) *Sechler Family Partnership v. Prime Group*, 255 Ga. App. 854, 856 (2) (567 SE2d 24) (2002).

The record reveals that on October 16, 2002, GETCo served a subpoena on nonparty MCI for the production of several documents. MCI moved to quash the subpoena, arguing that the subpoena was unreasonable and oppressive. After GETCo agreed to narrow the scope of the subpoena, MCI agreed to produce several of the requested documents to GETCo without pushing for a ruling on its motion to quash.

MCI produced responsive documents to GETCo and provided an invoice to GETCo amounting to $1,052 ($900 of which related to a discounted rate for time spent by managers to address the subpoena and collect the requested discovery, and a significant underestimate of the actual time that the managers spent to respond to the subpoena). GETCo offered to pay only $152 for the requested discovery (for copy and bates-labeling charges), and MCI renewed its motion to quash the subpoena and further requested that the court order GETCo to pay MCI its reasonable costs for producing the discovery. The court ordered GETCo to pay the entire $1,052 invoice.

As there was evidence here from which the trial court could conclude that the discovery costs were reasonable, and further considering the trial court's broad discretion in discovery matters, we cannot say that the trial court abused its discretion in ordering GETCo to pay the reasonable costs incurred by MCI in responding to the subpoena. See OCGA § 24-10-22 (b); see also OCGA § 9-11-45 (a) (1) (C).

### Case No. A04A0660

3. The Director argues that the trial court abused its discretion in ordering the Director to produce a report (that had to be specially prepared by the Department's contractor, MCI) which showed certificates of emission inspection purchased by GETCo and over 113 other emission stations between 1996 and 2001. The Director further claims that the court erred in ordering the Director to split the costs with GETCo for production of the report. While we hold that the trial court did not abuse its discretion in ordering the Department to generate the special document for GETCo, we agree with the Director's claim that the trial court did abuse its discretion in ordering the Director to split with GETCo the cost of generating the report.

The record reveals that on July 23, 2002, GETCo made a Georgia Open Records Act request to EPD and the Department for "[a]ny and all records sufficient to evidence (a) the total number of Emissions Tests performed . . . by testers in each calendar month from October 1, 1996 to the present including . . . the test certificates purchased by each tester; [and] (b) the date each tester purchased test certificates. . . ." In response, EPD and the Department contended that a single report containing the requested information did not exist. The entities offered to provide electronic access to the requested records by downloading tables in the Vehicle Identification Database (VID) and transferring the information to CDs, but such a process would take several days (due to the millions of records maintained on the central database), cost $10 per CD, and require programmer oversight at a price of $130 per hour.

GETCo also sent discovery requests to the Director on April 30, 2002, requesting "documents sufficient to evidence the date upon which each Tester purchased test certificates, from October 1, 1996, to the present. . . ." The Director responded by reiterating the position set forth in the Department and EPD's response to GETCo's similar Open Records Act request. Specifically, the Director stated that responding to the request would require an outside contractor to design and create a special report to run against substantial amounts of electronic data. MCI, the Department's contractor, was tasked with the responsibility of compiling the information and generating the special report, and the Director provided several estimates to GETCo relating to the cost of generating the report. The most expensive estimate amounted to over $13,000 and involved MCI generating reconciled data by station number for GETCo and the other emission stations (showing certificates purchased and canceled each month), compiling the information onto CDs, and providing a printed report. GETCo took the position that it should not have to pay for any of the cost associated with generating the special report.

Even though GETCo conceded that the requested information was not the subject of a regularly produced report and had to be extracted from a massive database of information, GETCo nevertheless moved to compel the Director to produce the special report detailing the number of test certificates purchased by GETCo and the other stations from October 1996 to December 2001 at no cost to GETCo. The trial court ordered MCI to produce the requested report to GETCo and ordered the Director to split the costs of generating and producing the report with GETCo.

Since the requested report, at the time that it was requested, was relevant to the issue of possible damages and their precise calculation, we find that the trial court did not abuse its discretion in ordering that the report be produced to GETCo. See OCGA § 9-11-26

(b) (1). However, the issue of splitting the costs between the parties is more troublesome based on the unique facts of this case. GETCo requested information from the defendants that (1) should have been available in GETCo's own records and the records of the other stations that it purportedly represented (because GETCo and the other stations that GETCo purported to sue on behalf of were the ones who purchased the emission inspections certificates from 1996-2001), and (2) involved the creation of a report that (a) otherwise did not exist and involved information that was not the subject of a regularly produced report, and (b) had to be specially created for GETCo by a nonparty contractor at significant cost to the Director. Under these unique and specific circumstances, GETCo should have been solely responsible for the costs associated with the creation of this special report. We hold that the trial court abused its discretion in determining otherwise.

4. In light of our holding in Case No. A04A0659 that the case against the Director was properly dismissed, and our holding in Division 3, supra, that the trial court erred in ordering the Director to split discovery costs with GETCo, we need not reach the Director's remaining enumerations.

*Judgment affirmed in Case No. A04A0659. Judgment reversed in Case No. A04A0660. Andrews, P. J., concurs. Ellington, J., concurs in judgment only.*

DECIDED JUNE 30, 2004 —
RECONSIDERATION DENIED JULY 16, 2004 —

*McKenna, Long & Aldridge, James D. Dantzler, Jr., John P. Hutchins, Larry D. Floyd, Jr.,* for appellants.

*Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General, John E. Hennelly, Diane L. DeShazo, Michele M. Young, Assistant Attorneys General, Owen, Gleaton, Egan, Jones & Sweeney, David C. Will, Sutherland, Asbill & Brennan, Brian D. Burgoon,* for appellees.