A06A0471. GEORGIA DEPARTMENT OF AGRICULTURE et al.
v. GRIFFIN INDUSTRIES.
(644 SE2d 286)

ADAMS, Judge.

Griffin Industries sought certain records from the Georgia Department of Agriculture under the Georgia Open Records Act, OCGA § 50-18-70 et seq. ("GORA"). When the parties could not agree on production of e-mail records that possibly existed on computer backup tapes, Griffin brought suit in superior court. At a case status conference, the superior court granted full relief to Griffin regarding the

---

e-mail records. The Department appeals on several grounds, including that it did not have proper notice of the hearing or an opportunity to be heard on the central issue to the case. We agree.

The relevant facts are not in dispute. On March 4, 2005, Griffin filed suit in the Superior Court of Fulton County seeking an order compelling the Department to comply with GORA. According to the complaint, on December 29, 2004, Griffin issued a GORA request to the Department seeking all departmental records relating to its Griffin facility's emissions and odor issues as well as other related documents.[1] The definition of the term "records" included "computer based or generated information," and the parties do not dispute that the open records request encompassed relevant e-mail records. Although the Department produced other documents, with regard to e-mail records, the Department explained that it does not archive e-mail files. The Department added that the only possible source of such information during the time period at issue was a series of emergency computer backup tapes and that the Department would make the tapes available to Griffin. The parties then corresponded about taking the tapes out of daily backup circulation to avoid erasing data and about who would pay for replacement tapes necessary to keep the Department's backup procedures operational.

When the Department failed to respond to Griffin's satisfaction, Griffin filed this suit and immediately moved for an interlocutory injunction or temporary restraining order to prevent the Department "from destroying the requested information pending final resolution of this matter." Griffin also served a subpoena duces tecum seeking the same documents sought in the open records request, and the Department moved to quash the subpoena shortly thereafter. In its brief on appeal, the Department states that "out of an abundance of caution, the Department then purchased another set of 31 emergency disaster recovery backup tapes and secured the 31 tapes which contain data for [the relevant time period]." The Department raised in its trial court filings the related issue of the significant cost of compiling the requested information from these tapes, which were

---

[1] Through the open records request, Griffin sought the following:

1. All Documents relating to air emissions, malodor issues, and permitting or licensing issues at the Griffin Facility;

2. All Documents relating to correspondence to and from any person, corporation, public official or governmental agent concerning air emissions, malodor issues, and permitting or licensing issues at the Griffin Facility;

3. All Documents reflecting, recommending, or in any way relating to alleged violations of federal, state or Department of Agriculture rules, regulations, permits or law at the Griffin Facility;

4. All Documents relating to reports to or from and correspondence with engineers, environmental consultants, academic advisors, laboratories, or any other such consultants relating to air emissions or odor issues at the Griffin Facility.

designed to restore an entire computer system's files if needed to perform an "emergency disaster recovery." The Department asserted that the e-mails on the tapes are "in computer language, not archived, and will have to be recreated and then compiled through a laborious process."

On the same day suit was filed, the Honorable Rowland W. Barnes set a hearing on the motion for interlocutory relief, which was to be heard ten days later, on March 14, 2005, in Judge Barnes's courtroom. As is unforgettable to most people in this state, and many around the nation, Judge Barnes was tragically murdered in that courtroom on Friday, March 11, 2005. It would seem that on the following Monday, the parties appeared before another judge and that the Department agreed to maintain the tapes pending final resolution of the matter; however, this information is not in the appellate record.

No further action was taken in the case until Presiding Judge Isaac Jenrette issued an order on June 13, 2005, requiring the parties and counsel to appear "at a Case Management Conference" to be held one month later — July 13, 2005. Judge Jenrette also ordered the parties to prepare and deliver to him a status report, and he required the parties to discuss alternative dispute resolution. Finally, Judge Jenrette stated that at the conference, the court might rule on "any small motions," and that it would also enter a scheduling order for further proceedings:

> At the Conference, the parties will have an opportunity to discuss with the Judge the status of the case, any special needs, and will learn Court procedures. The court may also rule on any small motions. The Court will enter a Scheduling Order following the Conference.

The parties agree that on July 13, a hearing was held, this time before Judge Craig Schwall, who had apparently been assigned the matter. There is no transcript or other record of the hearing in the appellate record, but on July 22, the court issued an order. The court ordered the Department to "preserve, safeguard and not destroy all electronic data files and correspondence" responsive to the open records requests. The court stated that "consequently," Griffin's motion for injunctive relief and the Department's motion to quash were moot. But the court then further ordered that the Department "put the data on any and all backup tapes back into the same document form or format that it was in prior to being backed up, review those documents for privilege, or applicable exemptions as

provided for by [GORA] . . . and then produce to Plaintiff all those documents that are not either privileged or exempt." The Department appeals this order.

We agree with the Department's contention that the court improperly granted full relief to Griffin without proper notice of an evidentiary hearing on all relevant issues.

OCGA § 9-10-2 (1) provides that certain judicial actions taken in cases in which the state is a party are void unless "it affirmatively appears as a matter of record" that the Attorney General was given five days written notice of "the particular trial, hearing, or other proceeding" that resulted in the judicial action. See also *Ga. Dept. of Med. Assistance v. Columbia Convalescent Center*, 265 Ga. 638, 640 (2) (458 SE2d 635) (1995). This notice is an "absolute condition precedent" to the enumerated judicial actions. *Cofer v. Williams*, 141 Ga. App. 72 (232 SE2d 610) (1977); *Hawes v. Bigbie*, 120 Ga. App. 294 (170 SE2d 302) (1969).

The only notice of the July 13, 2005 hearing that appears in the record is the notice of a "Case Management Conference" that would address, at most, "small motions" and procedural matters. And the only motion then pending was a motion for "interlocutory" or "temporary" relief. Thus, the relevant notice cannot be read as notice of a hearing on the merits of the ultimate e-mail-GORA issue. Although the parties were required to bring to the conference representatives of their clients who had binding authority, the Department had no notice that it needed to present any evidence or defenses to the key issue.[2]

And the Department was entitled to a hearing in order to present the issues raised in its court filings. OCGA § 9-11-54 (c) (1) provides "the court shall not give the successful party relief, though he may be entitled to it, where the propriety of the relief was not litigated and the opposing party had no opportunity to assert defenses to such relief." Here, the e-mail issues — whether the backup tapes were "open records" under GORA, the difficulty and cost of producing the information, and a decision about who was responsible for the cost — were the central issues in the case. The court's decision to order the

---

[2] Griffin also argues that notice was not required under OCGA § 9-10-2 because an assistant attorney general was present at the July 13, 2005 hearing. See OCGA § 9-10-2 (2). But Griffin has not shown that it "affirmatively appears as a matter of record" that an assistant attorney general was present, as is required by the statute. Furthermore, OCGA § 9-10-2 (2) cannot be read to mean that an assistant attorney general's simple appearance at a mandatory status conference, without more, results in waiver of the notice requirement of subsection (1) with regard to any possible "trial, hearing or other proceeding." This interpretation would vitiate the general intent of the statute. See generally *Ga. Dept. of Med. Assistance*, 265 Ga. at 640 (2).

Department to convert the information into its original form and to produce it to Griffin was therefore a final decision on the relief sought by Griffin.

It is true that OCGA § 9-11-65 allows the consolidation of a hearing for an interlocutory injunction with the trial on the merits. But, among other things, "the trial court's discretion to consolidate is tempered by the due process principle that fair notice and an opportunity to be heard must be given the litigants before the disposition of a case on the merits." (Citations and punctuation omitted.) *Kim v. State of Ga.*, 272 Ga. 343, 344 (528 SE2d 798) (2000).

The decision of the superior court is void and therefore reversed. Any agreement by the Department presented to the superior court on March 14, 2005 to maintain the tapes is still in effect.

*Judgment reversed and case remanded with direction. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 19, 2007.

*Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General, John E. Hennelly, Timothy J. Ritzka, Assistant Attorneys General,* for appellants.

*Balch & Bingham, Michael J. Bowers, David G. Michell, Powell Goldstein, Katherine V. Hernacki, L. Lin Wood, Jr.,* for appellee.