A11A1488. GRIFFIN INDUSTRIES, INC. v. GEORGIA
DEPARTMENT OF AGRICULTURE et al.
(720 SE2d 212)

DOYLE, Judge.

Griffin Industries, Inc. ("Griffin"), filed suit against the Georgia Department of Agriculture and the Commissioner of the Department of Agriculture (collectively, "the Department"), seeking an order compelling the Department to comply with Griffin's request for records under the Georgia Open Records Act ("GORA").[1] The parties filed cross-motions for summary judgment, and the trial court granted summary judgment to the Department. Griffin appeals, arguing that the trial court erred by concluding that the Department provided reasonable access to public records requested by Griffin and that there

---

[1] OCGA § 50-18-70 et seq.

were genuine issues of material fact that preclude summary judgment. We affirm, for the reasons that follow.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

So viewed, the evidence shows that on December 29, 2004, Griffin served the Department with a GORA request seeking access to certain categories of records, inter alia, electronic documents, including e-mail correspondence related to Griffin "since January 1, 2003."[3] On January 25, 2005, the Department made available certain records it deemed responsive to Griffin's GORA request, including copies of three e-mails from the relevant time period. After Griffin contacted the Department about the insufficiency of its response, the Department's general counsel responded: "Concerning your request that the e-mails be retained and not deleted, I cannot agree. I suggest if you want our e-mails, you should send an Open Records Act request identifying what you want[,] and then we can tell you if we can do it and at what cost, if any, to you." On February 18, 2005, Griffin renewed its GORA request, requesting that the Department notify all relevant employees about the request and "specifically request[ing] that all e-mail correspondence since January 1, 2003, that is responsive to [Griffin's] GORA request, be made available by electronic means." In its February 23, 2005 written response, the Department

---

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[3] Specifically, Griffin sought access to the following documents in the open records request:

1. All Documents relating to air emissions, malodor issues, and permitting or licensing issues at the Griffin Facility.

2. All Documents relating to correspondence to and from any person, corporation, public official or governmental agent concerning air emissions, malodor issues, and permitting or licensing issues at the Griffin Facility.

3. All Documents reflecting, recommending, or in any way relating to alleged violations of federal, state or Department of Agriculture rules, regulations, permits or laws at the Griffin Facility.

4. All Documents relating to reports to or from and correspondence with engineers, environmental consultants, academic advisors, laboratories, or any other such consultants relating to air emissions or odor issues at the Griffin Facility.

According to the trial court's final order, Griffin's "GORA request sought information for separate litigation against the Department of Agriculture and several individuals in federal and state court[,] which have now been resolved."

agreed to search for identifiable records, but advised that

> the Department does not archive any of the e-mails of the employees of the Department. The Department possesses backups from January 2, 2005[,] for emergency rebuilding purposes[,] which are not reasonably available for searching. The Department is willing to make available this information so that it may [be] searched . . . [after review by the Department and payment by Griffin for] all costs of services associated with the search, transport, and other direct administrative services. . . ."

Thereafter, following a conversation between Griffin's counsel and the chief information officer for the Department, Griffin requested "that all back-up tapes of computer data that existed as of the time of my GORA request on December 28, 2004, and all such back-up data currently in existence, not be deleted or overwritten." In response, on March 1, 2005, the Department advised Griffin's counsel that some of the backup tapes had already been overwritten, but agreed to use a new full set of backup tapes to avoid any future overwriting contingent upon payment by Griffin of $1,540 to replace the backup tapes.

Dissatisfied with the Department's response, Griffin filed a petition against the Department pursuant to OCGA § 50-18-73 (a) on March 4, 2005, seeking to compel the Department's compliance with Griffin's GORA request and attorney fees and litigation expenses. Griffin also sought an interlocutory injunction or restraining order "to prevent the Department from destroying the requested information pending final resolution of this matter." Some time after the petition was filed, the Department provided an estimate ranging from $37,780 to $2,837,705, which the Department would require Griffin to pay in order for the Department to obtain e-mails that were placed on 31 backup tapes, which the Department had preserved.

Thereafter, following a hearing noticed as a "Case Management Conference" that would address "small motions," the trial court entered an order granting full relief to Griffin. The order specifically directed the Department to "preserve, safeguard[,] and not destroy all electronic data files and correspondence" and to

> put the data on any and all backup tapes back into the same document form or format that it was in prior to being backed up, review those documents for privilege[,] or applicable exemptions as provided for by [GORA,] . . . and then produce to [Griffin] all those documents that are not either privileged or exempt.

The Department appealed the order, and this Court reversed, holding that the order was void because "the court improperly granted full relief to Griffin without proper notice of an evidentiary hearing on all relevant issues."[4]

After the case was remanded to the superior court, the parties filed cross-motions for summary judgment, relying on various affidavits and deposition testimony. Thereafter, the trial court granted summary judgment to the Department, and this appeal followed.

Griffin argues that the trial court erred by granting summary judgment to the Department because there are genuine issues of material fact and because the trial court erred by concluding that the Department provided reasonable access to the records requested. We disagree.

The purpose of GORA " 'is to encourage public access to government information and to foster confidence in government through openness to the public.' "[5] The Act provides:

> All public records of an agency as defined in subsection (a)[[6]] of this Code section, except those which by order of a court of this state or by law are prohibited or specifically exempted from being open to inspection by the general public, *shall be open for a personal inspection by any citizen of this state at a reasonable time and place*; and those in charge of such records shall not refuse this privilege to any citizen.[7]

Thus, "compliance with the Act is not discretionary, but mandatory."[8] Pursuant to subsection (g), "[a]t the request of the person, firm, corporation, or other entity requesting such records, *records maintained by computer shall be made available where practicable* by electronic means, including Internet access, subject to reasonable security restrictions preventing access to nonrequested or nonavailable records."[9]

---

[4] *Ga. Dept. of Agriculture v. Griffin Indus.*, 284 Ga. App. 259, 262 (644 SE2d 286) (2007).

[5] *Howard v. Sumter Free Press*, 272 Ga. 521, 522 (1) (531 SE2d 698) (2000).

[6] OCGA § 50-18-70 (a) defines "public record," as used in this article, as "all documents, papers, letters, maps, books, tapes, photographs, computer based or generated information, or similar material prepared and maintained or received in the course of the operation of a public office or agency." There is no dispute in this case that the Department e-mails at issue constitute a "public record" under GORA.

[7] (Emphasis supplied.) OCGA § 50-18-70 (b). Subsection (f) requires the entity in control of the public records requested to "determine whether or not the record or records requested are subject to access under this article and to permit inspection and copying" within "a reasonable amount of time," which shall not exceed three business days. The timeliness of the Department's response to Griffin's GORA request is not at issue on appeal.

[8] *Howard*, 272 Ga. at 522 (1).

[9] (Emphasis supplied.) OCGA § 50-18-70 (g).

OCGA § 50-18-73 (a) provides a judicial enforcement remedy, and OCGA § 50-18-73 (b) provides for a mandatory award of "reasonable attorney's fees and other litigation costs reasonably incurred" in favor of the complaining party if the superior court "determines that either party acted without substantial justification either in not complying with this chapter or in instituting the litigation . . . unless [the superior court] finds that special circumstances exist. . . ."

The Act provides, however, that "[n]o public officer or agency shall be required to prepare reports, summaries, or compilations not in existence at the time of the request."[10] And the Supreme Court of Georgia has held that GORA

> places no duty on an officer or agency to create a record, but concerns itself only with the records which a public body actually creates. . . . Unless a writing or information stored on a computer is prepared and maintained or received in the course of an agency's operations, it is not a public record, and its disclosure would not be governed by [GORA]. . . . The legislature did not intend for a custodian of public records to comb through his files in search of documents sought by a public citizen. A public officer or agency has no duty to create a new document by searching for and compiling information from its existing records. In other words, a compilation of information must already exist in public records before access to it will be ordered.[11]

Therefore,

> all that is required of a public records custodian is that he provide reasonable access to the files that are sought. Thus, . . . a custodian of public records complies with [a] [G]ORA request when he grants reasonable access to the files in his custody. Were [the Supreme Court] to hold otherwise, a public records custodian would subject himself to [a] [G]ORA suit every time he located and produced documents because a citizen could always speculate about the existence of additional documents. The legislature could

---

[10] OCGA § 50-18-70 (d).

[11] (Citations and punctuation omitted.) *Schulten, Ward & Turner, LLP v. Fulton-DeKalb Hosp. Auth.*, 272 Ga. 725, 726 (535 SE2d 243) (2000).

not have intended for [a] [G]ORA request to be used to trap an unsuspecting public official in this way.[12]

In this case, the trial court made specific findings of fact and conclusions of law in its final order,[13] including that "[t]he Department of Agriculture has been responsive and provided access to its records that were readily available, and has acted in good faith reliance in giving [Griffin] reasonable access to the records requested." The order cites the deposition testimony of David Lee Rierson, the chief information officer for the Department from December 2005 until December 2006, for the following findings:

> If specific e-mails were no longer on the active system, there is the possibility that they may have been deleted off the system and put onto backup tapes. The Department did not have the capability to retrieve e-mails from the backup system even if the e-mail being sought was known to be on the backup tape without going through and pulling all the data and restoring the entire e-mail database into the server. . . . The Department does not possess either the capability or standby systems including necessary hardware, and software, or the manpower to perform the action of converting all the information copied onto . . . 31 emergency disaster recovery back[ ]up tapes into readable documents and e-mails. . . . Writing information off of one of the [backup tapes] is a very, very slow process, sometimes taking hours to mount the tape into the drive and then additional hours to inventory it to see what's on it. . . . The requested information, if in existence at all, has been transferred to back[ ]up tapes and to compile any type of information would be a laborious and cumbersome process.

Given the evidence that the Department did not maintain the purported e-mails on its system and would have to extract them from backup tapes using a laborious compilation process, the information sought by Griffin "was not an existing public record, and non-disclosure thereof did not violate the Act."[14] Nevertheless, the Department agreed to preserve the 31 backup tapes and to compile

---

[12] (Citations omitted.) *Felker v. Lukemire*, 267 Ga. 296, 298-299 (2) (477 SE2d 23) (1996).

[13] The order indicates on its face that it was prepared by counsel for the Department.

[14] (Punctuation omitted.) *Schulten*, 272 Ga. at 726-727. See also *Ga. Emission Testing Co. v. Reheis*, 268 Ga. App. 560, 565 (3) (602 SE2d 153) (2004) (physical precedent only).

any purported e-mails contained thereon upon payment by Griffin. Under these circumstances, the trial court properly concluded that the Department provided Griffin with reasonable access to the information sought[15] and did not err by granting summary judgment to the Department.[16]

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED NOVEMBER 10, 2011 —
RECONSIDERATION DENIED NOVEMBER 30, 2011 

*Wood, Hernacki & Evans, Katherine V. Hernacki*, for appellant.
*Samuel S. Olens, Attorney General, Isaac Byrd, Deputy Attorney General, Timothy J. Ritzka, John E. Hennelly, Assistant Attorneys General*, for appellees.

---

[15] Griffin argues that the Department's failure to establish a record retention policy as required by the Georgia Records Act ("GRA"), OCGA § 50-18-90 et seq., demanded the denial of summary judgment to the Department. The GRA provides for *penalties* for failure to comply with the mandates of the Act, but it does not provide *a cause of action* for failure to so comply. Therefore, we reject Griffin's argument based on the GRA.

[16] See *Schulten*, 272 Ga. at 726-727. See also *Ga. Emission Testing Co.*, 268 Ga. App. at 565 (3) (holding that the party requesting records pursuant to GORA should have been solely responsible for the costs associated with creation of a special report extracted from a database of information because the requested information, in part, "involved the creation of a report that . . . otherwise did not exist and involved information that was not the subject of a regularly produced report").