Eleanor Barbara PONCEK, Petitioner-Respondent,

v.

Joseph Bernard PONCEK, Respondent-Appellant.†

Court of Appeals

*No. 83–2307. Submitted on briefs August 27, 1984.—*
*Decided October 9, 1984.*
(Also reported in 358 N.W.2d 539.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *DeBardeleben & Snyder* of Park Falls.

For the respondent the cause was submitted on the brief of *Rusch & Rusch Law Office, S.C.,* and *Thomas M. Rusch* of Medford.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.  Joseph Poncek appeals a divorce judgment requiring him to pay Eleanor Poncek, his former wife, $158,332 as part of the property division, $300 each month as child support, and $200 each month as spousal maintenance. Joseph argues that the judgment is void because no order for appearance was served upon him as required by sec. 767.125, Stats. He also claims that the trial court abused its discretion by requiring him to satisfy the property division within sixty days. Finally, he claims that the property division is inflated by inclusion of property not owned by the parties, and that the child support and maintenance awards are excessive. Because the failure to serve an order for appearance was harmless and because the trial court did not otherwise abuse its discretion, we affirm the judgment.

The judgment is not void even though Eleanor failed to serve an order for Joseph's appearance. Neither Joseph nor his attorney appeared at the final hearing of this divorce. Section 767.125, Stats., requires the moving party to serve an order for appearance on the nonmoving party. In this case, however, Joseph knew about the hearing date and actually insisted upon it at a scheduling conference. He also subpoenaed Eleanor to appear at the trial, and he requested a continuance on the day of trial. Because Joseph had actual notice of the hearing, failure to serve an order for appear-

ance was harmless. *See* sec. 805.18(2), Stats. The court could reasonably proceed with the trial in Joseph's absence because he freely chose to dismiss his attorney on the morning of trial, and he deliberately chose not to appear at the trial. *See* sec. 767.125, Stats.

The trial court properly accepted Eleanor's itemized appraisal of farm property as an accurate statement of marital property. Joseph claims that the property division included personalty that did not belong to the parties. The trial court was authorized, however, to accept Eleanor's appraisal as an accurate list of marital property because it was part of her financial disclosure statement. *See* sec. 767.27(4), Stats. Also, Eleanor's appraiser testified that he excluded items from his appraisal that Joseph said did not belong to the parties.

The trial court did not err by requiring Joseph to equalize the property division within sixty days. Joseph contends that the trial court abused its discretion by ordering him to pay Eleanor $158,332 in such a short time. Although the payment period is short, the court cannot sanction Joseph unless he has the ability to make the payment. *See Schroeder v. Schroeder,* 100 Wis. 2d 625, 638, 302 N.W.2d 475, 482 (1981). The court's order only requires that he take immediate steps to attempt to satisfy the property division. The order represents a reasonable form of compulsion in light of Joseph's stated opposition to dividing the marital estate. The order was necessary to insure that the property division was executed. *See Dennis v. Dennis,* 117 Wis. 2d 249, 259, 344 N.W.2d 128, 132 (1984).

Finally, the trial court rationally exercised its discretion in the award of child support and spousal maintenance. *See Vander Perren v. Vander Perren,* 105 Wis. 2d 219, 226–27, 313 N.W.2d 813, 817 (1982). Based on

Joseph's annual income of $21,000 and Eleanor's negligible income, the award of $300 support for five children and $200 for maintenance represents a reasonable exercise of discretion. The trial court properly determined that Eleanor and the children have need for the payments, and that Joseph has the ability to pay. *See Edwards v. Edwards*, 97 Wis. 2d 111, 116, 293 N.W. 2d 160, 163 (1980).

*By the Court.*—Judgment affirmed.