COURT OF APPEALS
DECISION
DATED AND FILED

February 17, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP211**

**STATE OF WISCONSIN**

Cir. Ct. No. **2019CV604**

**IN COURT OF APPEALS
DISTRICT II**

SCOTT KARCHER,

    PETITIONER-APPELLANT,

V.

WI DEPT. OF HEALTH SERVICES DIVISION OF PUBLIC HEALTH,

    RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Walworth County: DANIEL STEVEN JOHNSON, Judge. *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Davis, J.

¶1 NEUBAUER, C.J. Scott Karcher appeals from an order dismissing his mandamus action against the Wisconsin Department of Health Services Division of Public Health (DHS) seeking to compel the release of certain records alleged to be in DHS's possession. We conclude that the circuit court properly

dismissed the action at the request of DHS because there are no public records responsive to Karcher's request.  We affirm.

¶2      In a letter dated July 6, 2019, Karcher requested public records from the Wisconsin Vital Records Office.  The Wisconsin Vital Records Office operates within DHS.  In the letter, Karcher requested:

> In Rem Lien List Foreclosure Information recorded by the Walworth County Clerk of Circuit Court by year and list number under Wis. Stats.,§75.521(4) regarding State File Number 1962037406.  (A Copy of my State issued Certificate of Live Birth is enclosed for your reference)  A cross reference list of owners listed on a civil court docket in which public notice of this file number is recorded at the discretion of the State Registrar of Vital Records under Wis. Stats.,§69.03(5). [1]

---

[1] Karcher's records request continued:

> If any record information associated to this request contained in the official record has been deemed unresponsive to this request, I would like to inspect the entire document.  Under the Public Records Law, all non-exempt portions of any partially-exempt documents must be disclosed.  If any records or portions of records I am requesting to view are withheld, please state the exemption on which you rely, the codes, sta[t]utes, and/or regulations on which the exemption has been invoked, and the agency or court to which an appeal should be addressed.

> Failure to disclose vital vested property ownership information such as the case file number, and the legal land description of the property to me as a pre-qualified* US citizen holding a direct and tangible interest in property is not in the public's economic interests, and non-disclosure of the above requested information would constitute a waste of equitable public economic resources, and would be a direct violation of my inher[e]nt, unalienable personal rights, and my person's rights under Article 1, sections 1 & 13 of the Wisconsin Constitution, and a violation of Section 1 of the US Constitution's 14th amendment's due process clause.

(continued)

On July 11, 2019, State Registrar Lisa Walker sent a response letter to Karcher, stating that "DHS has no responsive records." Subsequently, Karcher sent letters to the Walworth County District Attorney and the Attorney General of Wisconsin, requesting each to file a mandamus action to secure Karcher's access to the records. Neither pursued a mandamus action.

¶3      Karcher then initiated a mandamus action pro se against DHS. He filed a pleading entitled "Application for Alternative Writ of Mandamus" with the circuit court. A few weeks later he filed an "Amended Application for Alternative Writ of Mandamus." Karcher attached his records request and the letter from DHS advising that it did not have any responsive documents to his pleadings. DHS filed a response to Karcher's amended application. DHS stated that "[t]he Court cannot order [DHS] to provide review of a file or records which it does not have." As such, DHS asked the circuit court to "deny the Application for Writ of Mandamus and dismiss this case in its entirety." Karcher filed a response to the document DHS filed with the court, specifically objecting to DHS's requests to deny the writ application and to dismiss the case.

¶4      On December 30, 2019, the circuit court held a telephone status conference with the parties. At the start of the conference, the court acknowledged: "I did receive the motion or the responsive pleading that [DHS]

---

….

*Wis. Stats.,§75.115 Rights of persons who have an interest in mineral rights. Notwithstanding ss. 75.14 (1), 75.16, 75.19 and 75.521 (3) (am) 4, (5), (8) and (13) (b), the failure of an owner of a fee simple interest in surface rights to pay property taxes on land does not extinguish the rights of a holder of a fee simple interest in severed mineral rights related to that land.

had filed here beginning of December or so about potentially wanting this case dismissed and I, Mr. Karcher, did receive your response as well." Based on the record and focusing on Karcher's request, the court stated that it lacked authority to order DHS to "go back and look again [for responsive records]." The court explained to Karcher that DHS had "been responsive to your request. I know you don't like the response. I know you think something else must exist, but they are saying it doesn't exist and that's the end of this analysis from my perspective legally." The circuit court denied the writ and dismissed the case with prejudice. Karcher now appeals.

¶5 We review a circuit court's grant or denial of a writ of mandamus for an erroneous exercise of discretion. *See* ***Law Enf't Standards Bd. v. Village of Lyndon Station***, 101 Wis. 2d 472, 493-94, 305 N.W.2d 89 (1981). It is an erroneous exercise of discretion to compel action through mandamus when the duty is not clear and unequivocal. ***Id.*** at 494. However, "[t]he application of the Open Records Law to undisputed facts is a question of law that we review de novo, benefiting from the analys[i]s of the circuit court." ***Hempel v. City of Baraboo***, 2005 WI 120, ¶21, 284 Wis. 2d 162, 699 N.W.2d 551.

¶6 Karcher makes two main arguments on appeal, a challenge to the denial of his writ on the merits, and a procedural challenge to what he refers to as a "sua sponte dismissal" of his petition.[2] We reject Karcher's arguments.

---

[2] Karcher makes a third argument regarding the title of his pleading ("Application for Alternative Writ of Mandamus"). Specifically, he asserts that it does not matter whether the pleading indicated that Karcher sought a writ or an alternative writ. Based on our conclusion above that the circuit court properly dismissed the action based on the fact that Karcher's request was deficient and no responsive records exist, we agree with Karcher that the title of his pleading is inconsequential and we do not base our decision on it in any part. The circuit court dismissed based on the deficiency of the request, not of the pleading.

¶7      First, the court did not err in denying the writ on its merits. The Wisconsin public records law states that a requester may bring an action for mandamus "[i]f an authority withholds a record or a part of a record or delays granting access to a record or part of a record after a written request for disclosure is made." WIS. STAT. § 19.37(1) (2017-18).[3] These mandamus provisions are not triggered when an authority does not possess the records because "[a]n authority cannot deny or withhold access to that which does not exist." *State ex rel. Zinngrabe v. School Dist. of Sevastopol*, 146 Wis. 2d 629, 631-32, 633, 431 N.W.2d 734 (Ct. App. 1988) (concluding "that because no records existed for these meetings, there is no violation under the provisions of [§] 19.37."); *see also Journal Times v. City of Racine Bd. of Police & Fire Comm'rs*, 2015 WI 56, ¶153, 362 Wis. 2d 577, 866 N.W.2d 563 (Abrahamson, J., concurring) (explaining the futility of a mandamus action seeking to compel the disclosure of nonexistent records); *Schulten, Ward & Turner, LLP v. Fulton-DeKalb Hosp. Auth.*, 535 S.E.2d 243, 246 (Ga. 2000) ("An agency does not 'deny' access to records which do not exist" and, therefore, mandamus action was improper.). Addressed somewhat differently under federal law, "[i]f no documents exist, nothing can be withheld, and jurisdiction cannot be established." *Burr v. Huff*, No. 04-C-53-C, 2004WL253345, at *2 (W.D. Wis. Feb. 6, 2004) (finding allegations in petition for writ of mandamus under Freedom of Information Act frivolous where there was no evidence that records sought by petitioner existed).

---

[3] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

5

¶8    As set forth in his writ seeking mandamus, in response to Karcher's open records request, DHS advised that it had no responsive records.[4]  Then, in DHS's answer to Karcher's writ, DHS repeated that it had no responsive records, referring to its earlier letter to Karcher, and requested dismissal.  Karcher's subsequent response provided nothing to show that the Office of Vital Statistics has responsive records.

¶9    Karcher contends that his say so is sufficient.  We disagree.  Nothing in his allegations (or in anything he has provided since then to the circuit court or to this court on appeal), show violation of a clear and unequivocal legal duty.  He provides nothing to suggest why the Office of Vital Statistics would have property-ownership records "cross-referenced" with his birth certificate and corresponding state file number.  WISCONSIN STAT. § 69.03(5) requires the state registrar to "preserve *original* marriage documents and records of birth, death, divorce, and domestic partnership."  (Emphasis added.)  There is no mention of property-ownership information, and Karcher has provided nothing to suggest otherwise.  The "In-Rem Foreclosure Lien List" and WIS. STAT. § 75.521(4) appear to reference a list maintained by circuit court clerks relating to foreclosures and liens.  Again, there is simply nothing to suggest that the Office of Vital Statistics would cross-reference information maintained by circuit court clerks or that the DHS response was wrong.

¶10    A well-grounded basis in fact and law is a prerequisite to the commencement of any civil action.  *See, e.g.*, WIS. STAT. § 802.05(2)(c).  After

---

[4] *See* **Soderlund v. Zibolski**, 2016 WI App 6, ¶¶37-38, 366 Wis. 2d 579, 874 N.W.2d 561 (holding that documents referenced by pleadings may be considered in a motion to dismiss).

reviewing this request and the briefs of the parties, we see nothing to suggest that this is anything but a largely incoherent request that lacks any reasonable basis in fact or law. We therefore will not consider the issue further. As DHS can neither withhold nor delay access to nonexistent records, the mandamus provisions do not apply.

¶11 Nonetheless, Karcher argues that the circuit court's dismissal of his case at the status conference "raises fundamental due process concerns" and that he was given neither notice nor a meaningful opportunity to be heard. *See Neylan v. Vorwald*, 124 Wis. 2d 85, 90, 368 N.W.2d 648 (1985) (due process requires notice and an opportunity to be heard). We note that, although rare, circuit courts have authority to dismiss cases sua sponte, subject to due process requirements. *See Larry v. Harris*, 2008 WI 81, ¶¶23, 26, 311 Wis. 2d 326, 752 N.W.2d 279.

¶12 Here, the record reflects that Karcher was on notice that DHS denied that it had responsive records. He was also on notice that DHS sought dismissal. *See*, *e.g.*, *State ex rel. Schatz v. McCaughtry*, 2003 WI 80, ¶¶30-31, 263 Wis. 2d 83, 664 N.W.2d 596 (notice can take the form of actual notice or constructive notice). Namely, Karcher was first told by letter from DHS that it did not have any responsive records. He did not revise his request or otherwise seek to explain why he believed this answer was incorrect. Karcher then filed his initial pleading and exhibits, and subsequently amended his pleading, attaching DHS's letter explaining that it had no responsive documents. DHS's answer requested denial of the writ and dismissal of Karcher's petition, to which Karcher responded. At no point did Karcher seek to revise his request or otherwise explain why he believed DHS's answer was incorrect.

¶13    At the status conference, the court indicated that it had reviewed the parties' submissions and Karcher participated in person and engaged with the court in a discussion of his claim. The court initially set forth its concerns with Karcher's case and then afforded him the opportunity to respond. He engaged in an active discussion with the court, including answering questions and, at times, offering his counterpoints. Again, at no point did Karcher provide anything to show that DHS denied or delayed access to responsive records.

¶14    It is well established that due process violations are subject to a harmless error analysis. *See Schoen v. Board of Fire & Police Comm'rs of Milwaukee*, 2015 WI App 95, ¶24, 366 Wis. 2d 279, 873 N.W.2d 232; *Union State Bank v. Galecki*, 142 Wis. 2d 118, 417 N.W.2d 60 (Ct. App. 1987); s*ee also* WIS. STAT. § 805.18. Thus, even if we concluded that Karcher was not provided with sufficient notice that his writ would be considered and dismissed at the status conference without a motion to dismiss from DHS, we would not reverse, as there has been no showing that Karcher was harmed. *See, e.g.*, *Glendenning's Limestone & Ready-Mix Co. v. Reimer*, 2006 WI App 161, 295 Wis. 2d 556, 721 N.W.2d 704 (assuming that circuit court erred in sua sponte considering the "Damage to Property" exclusion in insurance policy without giving tenants notice and an opportunity to be heard, error did not affect tenants' substantial rights and thus they were not entitled to reversal of summary judgment on that ground on appeal); *Poncek v. Poncek*, 121 Wis. 2d 191, 358 N.W.2d 539 (Ct. App. 1984) (wife's failure to serve an order for husband's appearance was harmless error where the record reflected that husband had actual notice of the hearing).

¶15     There is little point in reversing to require a formal motion to dismiss, when there has been nothing to show that the outcome as it pertains to Karcher's records request would be different.[5]

¶16     For the foregoing reasons, we conclude that the circuit court properly dismissed the mandamus action on the basis that there are no responsive records.  We affirm.

> *By the Court*.—Order affirmed.

> Not recommended for publication in the official reports.

---

[5] We note that Karcher had and has additional procedural safeguards, such as a reconsideration motion or a motion for relief under WIS. STAT. § 806.07, to the extent that such motions have merit, and the same is true for future records requests.  Again, we see no merit to Karcher's challenge to the denial of his request and have been provided with nothing to suggest otherwise.  *See*, *e.g.*, ***State ex rel. Schatz v. McCaughtry***, 2003 WI 80, ¶¶30, 35, 263 Wis. 2d 83, 664 N.W.2d 596.